(No. 37112.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES HAWKINS, Plaintiff in Error.

*Opinion filed March 22, 1963.*

James Maher, Jr., of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Edward J. Hladis and William J. Martin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Defendant, James Hawkins, was tried in the criminal court of Cook County without a jury, was found guilty of the larceny of a motor vehicle, and was sentenced to the penitentiary for a term of not less than two nor more than eight years. On this writ of error he contends that he was prejudiced by the testimony of a police officer and that he was not proved guilty beyond a reasonable doubt.

Richard Van Duys testified that he was driving north on Lake Shore Drive at about the Field Museum at 9:30 P.M. on May 24, 1960, when a cream-colored 1959 Chevrolet Impala two-door hardtop scraped his car while passing him at a high rate of speed. Van Duys gave chase and overtook the car when it stopped for a traffic signal at Ohio Street. He identified the defendant as the driver of the car and testified that during the two-mile chase the car never got more than three car-lengths ahead of him. He pulled defendant out of the car and was then assisted by two policemen who placed defendant under arrest. It was stipulated that Leslie Markus would testify that his

1959 cream-colored Chevrolet Impala was missing from a private parking lot at the Washington Park Race Track at 7:00 P.M. on the same date.

It is well established that the recent, exclusive and unexplained possession of stolen property by an accused person in and of itself gives rise to an inference of guilt which may be sufficient to sustain a conviction in the absence of other facts and circumstances which leave in the mind of the trier of fact a reasonable doubt as to his guilt. (*People* v. *Owens,* 23 Ill.2d 534; *People* v. *Pride,* 16 Ill.2d 82; *People* v. *Bennett,* 3 Ill.2d 357.) The defendant offered no testimony to explain his possession of the automobile. However, one of the police officers was cross-examined as to whether the defendant had made certain statements. The officer testified that the defendant said he didn't steal the car, but that it belonged to someone named Black Sam who had given it to him to drive to get a bottle of wine. However, he did not know Black Sam's last name, where he worked or lived, or where he could be located. The trial judge was justified in not accepting such a story.

Defendant contends that no evidence was produced which established that the car found in his possession was in fact stolen. While the owner of the car did not testify, defense counsel stipulated as to what his testimony would be if he were called. An accused, by stipulation may waive the necessity of proof of all or part of the case which the People have alleged against him, and having done so, he cannot complain of the evidence which he has stipulated into the record. (*People* v. *Hare,* 25 Ill.2d 321; *People* v. *Polk,* 19 Ill.2d 310.) Although the defendant contends that the stipulation was inadequate to prove that the car belonged to Leslie Markus, it is apparent that the stipulation, together with statements of counsel and of the defendant, shows that it was the understanding of the court, of counsel and of the defendant that the car which he was driving

was that of Leslie Markus. No other facts or circumstances were shown which could have left in the mind of the court a reasonable doubt as to the defendant's guilt.

Defendant also contends that he was prejudiced by the testimony of a police officer that he had heard defendant offer to plead guilty to a lesser offense at the preliminary hearing. A defense objection to this testimony was properly sustained. Where a case is tried by the court there is a presumption that the judge considered only competent evidence in reaching his decision. (*People* v. *Saisi,* 24 Ill.2d 274; *People* v. *Cox,* 22 Ill.2d 534.) There is therefore no basis for the assertion that the court considered improper testimony in making his finding of guilt.

For the foregoing reasons the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*