People of the State of Illinois, Appellee, v. George T. Boulahanis, Appellant.

Gen. No. 49,552.

First District, Fourth Division.

July 15, 1964.

Julius Lucius Echeles, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Lester A. Bonagu-

ro, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

After a jury trial defendant was sentenced to a term of three to six years in the penitentiary for theft of 26 television and hi-fi sets.

On this appeal defendant does not contend that the evidence failed to establish his guilt beyond a reasonable doubt. Indeed, the record discloses overwhelming proof of guilt. The sole point raised is that defendant's right to a fair trial was violated when on three occasions during the trial the State's Attorney was permitted to elicit testimony to the effect that defendant had refused to answer questions when interrogated by the police after his arrest. In each instance defendant's attorney interposed an objection which was overruled and made a motion for mistrial which was denied.

In People v. Rothe, 358 Ill 52, 192 NE 777; in People v. Hansen, 348 Ill App 389, 108 NE2d 831; and, more recently, in People v. Lewerenz, 24 Ill2d 295, 181 NE 2d 99, convictions were reversed because of the admission of evidence that the defendant had refused to make a statement to the police. In the latter case the refusal was on advice of counsel. The principle declared was that the defendant was within his rights in refusing to make such a statement, and that evidence of such a refusal was neither material nor relevant since it had no tendency to prove or disprove the issues being tried.

We find this line of cases inapplicable to the case before us, however, because this defendant's refusal to answer questions was relevant when considered in context, and did tend to establish the charge against him.

441

■ ■ In the course of a prompt and continuing investigation of the theft of a truck containing a large number of television sets, detectives apprehended defendant and two other men in possession of a smaller truck loaded with a substantial part of the missing equipment. The proof of this circumstance * brings the case within the rule that unexplained possession of recently stolen property gives rise to an inference of guilt which may be sufficient to sustain a conviction for theft. People v. Hawkins, 27 Ill2d 339, 341, 189 NE2d 252; People v. Kulig, 373 Ill 102, 104, 25 NE2d 72. Thus when defendant was caught with the goods his explanation or lack of it became of critical importance.

After defendant's apprehension he was taken to the police station and there questioned by Officer Murphy. The latter's testimony in this regard follows:

Mr. Tuite: (Assistant State's Attorney) Q. To the best of your memory what were the words you said to Mr. Boulahanis, what were the words he said to you at that time and place?

. . . . . .

The Witness: A. I asked Mr. Boulahanis how he came in possession of the TV sets.

Q. What did he say to you?

A. He, to the best of my recollection, his words were "You know I can't tell you."

Q. What if anything else was said to Mr. Boulahanis? What if anything else was said to you?

A. At this time?

Q. Yes, at that time.

A. I attempted to ask the same question—

Mr. Echeles: (Defendant's attorney) Object, your Honor.

. . . . . .

---

* There were other incriminating circumstances in the case which we have not described.

442

Mr. Tuite: Q. What were the words to the best of your recollection you used?

The Witness: A. To the best of my recollection I said, "Come on Georgie, tell us how you got these sets."

Q. What if anything did he say to you?

A. He sort of smiled, shrugged his shoulders and wouldn't answer.

Q. Did you ask him anything else at that time?

A. I asked him the same question several other times after that.

Q. What did he answer?

A. He gave me no answer.

  .  ○  ○  .  .  .

A. (Later the same day) I again asked Mr. Boulahanis how he had come in possession of the TV sets.

Q. What if anything did he say in return to that?

A. He smiled, shook his head, and motioned with his finger for me to come closer, and I leaned forward a little bit. He said to me, he said, "It is worth five grand if you get me out of here."

Aside from the reason we have stated above, we believe that this testimony was admissible in the State's case in chief as an admission, and as evidence of an attempt to bribe. People v. Minor, 20 Ill2d 496, 500, 170 NE2d 555; People v. Gambony, 402 Ill 74, 78, 80, 83 NE2d 321; People v. Spaulding, 309 Ill 292, 306, 141 NE 196.

■■ Defendant testified in his own defense, and gave a long, detailed, exculpatory explanation for his presence in the truck at the time of his arrest. It was extremely farfetched and failed to explain all the circumstances. In the course of it he denied all of the testimony of witness Murphy and insisted that the only answer he had given to Murphy's questions was:

443

" 'I don't know nothing about it. I should have went with my brother.' Exact words." He also testified on cross-examination, without objection, that he had told the same story at the police station as he had in court; that he did not remember telling Officer Janda at the station that he would not answer any more questions after he had answered concerning his name, address and marital status.

In rebuttal Officer Janda testified relative to his participation with Murphy and a stenographer in the questioning of defendant at the police station. In the course of this testimony it was again brought out, and here complained of, that defendant had declined to answer Janda's questions. We think Janda's testimony was proper rebuttal under the circumstances.

As mentioned, it is not argued that the State failed to prove defendant's guilt. We conclude that the errors complained of do not require reversal of his conviction. Defendant had a fair trial, and the judgment of the trial court is, therefore, affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.