**People of the State of Illinois, Plaintiff-Appellee, v. Harold Davis, Defendant-Appellant.**

**Gen. No. 51,238.**

First District, Third Division.

October 26, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (C. Paul Bradley and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert Novelle, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a trial without a jury the defendant was found guilty of the offense of theft from the person pursuant to an indictment which charged that he knowingly obtained unauthorized control of $59 in currency and a wallet from the person of Charles Weisseg, Junior, with intent to deprive him permanently of the use and benefit of said property, pursuant to chapter 38, § 16–1(a), Ill Rev Stats (1965). He was sentenced to serve one to five years in the state penitentiary. The only point made for reversal is that the evidence did not prove a taking with intent to deprive the owner of the use and benefit of the property described. A summary of the evidence follows.

Weisseg testified that at about 3:00 a. m. on August 1, 1965, he boarded a southbound subway train at the Chicago Avenue station; that he fell asleep, rode to the end of the line at Loomis Street, then back north, and did not wake up until he was past the Chicago Avenue station. When he awoke he discovered that his wallet was missing.

2

He testified that the wallet contained various papers and $59 in currency. He was sure of the amount because he had counted the money in his wallet after he paid his fare.

Gregory Zito, a Chicago Transit Authority policeman, testified that at about 5:00 a. m. on August 1, 1965, he and his partner Gary Hill boarded a northbound subway train at Roosevelt Road; that he took a seat across the aisle from Weisseg; that Hill sat in front of the train facing Weisseg and that the defendant came into the car and sat next to Weisseg. Zito observed Davis "pat down" or frisk Weisseg, remove his wallet from his pocket, remove personal papers and currency from the wallet and throw the wallet under the seat in front of him. At that time the train was in the process of stopping at the Chicago Avenue station. As the defendant got up and went out of the car, Zito signaled his partner and they chased him to the stairwell where they apprehended him. They had observed the defendant discard some papers in a trash barrel while they were chasing him and they returned to the barrel and recovered papers later identified by Weisseg as those stolen from his wallet. Zito testified that they took the defendant to a washroom where they searched him and that "he had currency, he had this $59." He stated that the defendant offered the money to them, apparently as a bribe, but that they returned it to him since they did not know at that time how much had been stolen. Hill testified to the same facts.

Defendant denied that he had taken the wallet or that he sat next to Weisseg, who was white. He testified that he was sitting next to a Negro on the subway, that he had $65 in his pocket when arrested and that this was the remainder of a pay check he had cashed. He contends that Officer Zito testified that the wallet was left under the seat in front of Weisseg and that this does not show an

intent to permanently deprive the owner of the property as required by the criminal code. Ill Rev Stats (1965), c 38, § 16–1(a)(1). As to the $59 in currency, defendant contends that the evidence does not prove beyond a reasonable doubt that he took the $59 from Weisseg. He contends that even though Weisseg testified he had just counted his money, it is unlikely he actually knew the exact amount taken and that it was impossible to prove that the money found in the defendant's pocket was the same money taken from Weisseg.

 The testimony provides overwhelming proof of the defendant's intent to permanently deprive Weisseg of his property. The fact that defendant discarded the wallet is of no significance nor is the fact that $65 was found in his pocket, instead of $59. It is true that there is no way of proving that the money found in defendant's pocket consisted of precisely the same bills taken from Weisseg. Zito observed the defendant removing currency from the victim's wallet. He followed the defendant off the subway train and upon searching him, found funds which answered the description of those stolen. The detectives testified that the defendant offered the money to them as an attempted bribe. Evidence of such conduct has been held to be admissible as an admission of guilt. People v. Boulahanis, 50 Ill App2d 440, 200 NE2d 372, 374. Combined with the other evidence presented in this case, it establishes the defendant's guilt as charged beyond any reasonable doubt.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.