The People of the State of Illinois, Plaintiff-Appellee, *v.* August Urban Barber, Defendant-Appellant.

(No. 72-92;

Second District—July 1, 1974.

Ralph Ruebner and Richard Wilson, both of the State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant was convicted of burglary after a jury trial and sentenced to 7-15 years in the penitentiary, to be served concurrently with any sentence upon which he was serving time or on parole. He appeals, contending that the court committed reversible error in admitting a prejudicial photograph and in giving a non-IPI instruction, entitling him to a new trial. He alternatively argues that the sentence was excessive and improperly based on matters outside the evidence.

The offense charged resulted from a theft in which various items including a white suitcase, a billfold and a hand mixer were taken on September 17, 1971, from the Aurora home of Lucille McCarthy in her absence. There were no eye witnesses. The investigating officers testified that on September 24 following the burglary they stopped a car which defendant was driving for the purpose of serving an outstanding arrest warrant on one of the passengers.

The officers saw a white suitcase in plain view on the seat behind the driver which the officers recognized from their investigation of the McCarthy burglary. Both defendant and the passenger were arrested. Defendant signed a waiver to permit a search of his vehicle.

A wallet missing from the McCarthy home containing Mrs. McCarthy's identification was found on top of the dashboard. When the suitcase was opened, it was found to contain packs of various brands of cigarettes and a policeman's nightstick. The search of the car revealed items including flashlights, transistor radios, and various tools, none of which were identified as taken from the McCarthy home. However, a portable mixer and a portable typewriter identified as taken from the McCarthy home were also found in the car.

There was testimony that defendant regularly smoked one of the brands of cigarettes found in the suitcase; and that the same brand identified as Marlboro cigarettes, as well as Raleigh cigarettes, partially smoked, were found in the McCarthy home and outside near the broken window where the entry was made. Mrs. McCarthy testified that she lived alone in the house and did not smoke.

Defendant did not testify but his signed statement given to the police admitting that he and Mendiola committed the burglary was in the evidence.

Defendant's girl friend testified in his behalf that she saw some of the described stolen merchandise in the apartment of the passenger Joe Mendiola and that he exhibited acts of ownership. There was also testimony by the witness and defendant's mother, who claimed to have seen

the car every day during the period, that none of the stolen merchandise was seen in the defendant's station wagon between the time of the alleged burglary and his arrest.

Under these circumstances the defendant contends that it was reversible error to give the following instruction:

"The Court instructs the jury that the recent and unexplained possession of stolen property by the defendant, if the evidence so shows, tends to establish his guilt, and is sufficient, of itself, to authorize a conviction unless the inference of guilt thereby raised is overcome by other facts and circumstances in evidence, so as to raise in the minds of the jury reasonable doubt of such guilt."

Defendant argues that the instruction does not comply with the law because it fails to charge that the defendant had exclusive possession as a basis for the inference of guilt as set forth in IPI Criminal sec. 13.21 (1968). He also urges consideration of Supreme Court Rule 451(a) (Ill. Rev. Stat. 1969, ch. 110A, par. 451(a)) which requires that Illinois Pattern Jury Instructions-Criminal be used when applicable, unless the trial court determines that the instruction does not accurately state the law.

■■ We note, however, that defendant failed to tender IPI 13.21 and failed to object to the given instruction on Supreme Court Rule 451(a) grounds. Under these circumstances, the trial court had no duty to give that instruction and defendant waived the right to raise this issue on appeal. (*People v. Springs* (1972), 51 Ill.2d 418, 425. See also *People v. Carvin* (1960), 20 Ill.2d 32, 36; *People v. Rudolph* (1973), 12 Ill. App.3d 420, 427; and *People v. Colon* (1973), 9 Ill.App.3d 989, 998.) While there is some doubt from the record that the defendant objected to the instruction on the other specific grounds urged here, we cannot conclude with certainty that he failed to object and thereby waived his right to raise the issues on appeal. We will therefore consider his other arguments on the merits.

■■ The inference of guilt from unexplained possession of recently stolen property has been long established. In *Comfort v. People* (1870), 54 Ill. 404, 407-8, the court stated the rule that recent possession of stolen goods after the theft is sufficient to warrant a conviction unless the circumstances and other evidence so far overcome the presumption as to create a reasonable doubt of guilt. In *Comfort*, a recent pawnbroker's receipt in defendant's name was held sufficient evidence of defendant's possession of stolen property found in a pawnbroker's shop. (See also *People v. Pride* (1959), 16 Ill.2d 82, 89-90.) The presumption that the possessor of recently stolen property is the thief is an inference which

the jury may be permitted to draw based on human experience and common sense from known events or circumstances. *People v. Fiorito* (1952), 413 Ill. 123, 128-9.

Defendant has cited a number of cases in which there is the statement that the possession must also be *exclusively* in the defendant for the inference to be drawn. (*E.g., People v. Urban* (1942), 381 Ill. 64, 69; *People v. Hawkins* (1963), 27 Ill.2d 339, 341; *People v. Davis* (1966), 69 Ill.App.2d 120, 125.) Defendant argues that the authorities establish that the instruction must not only contain the reference to defendant's possession but must characterize the possession as "exclusive." And he further argues that the evidence for the defense that the passenger Mendiola exhibited acts of ownership when the property was seen in his apartment and that the property was not seen in his car prior to the day of the arrest raised a reasonable doubt that defendant ever had sole, personal and exclusive control of the property. Thus he claims that at the very least the evidence raised a question of fact which entitled the jury to be properly instructed as to exclusive possession, citing *People v. Khamis* (1951), 411 Ill. 46, 53. However, defendant's arguments are unpersuasive.

■■ It is clearly established that the fact that the element of possession is controverted is not a basis for refusing to give the recent possession instruction. See *People v. Woods* (1963), 26 Ill.2d 557, 562; *People v. Boulahanis* (1964), 50 Ill.App.2d 440, 442; *People v. Harris* (1972), 53 Ill.2d 83, 85-87.

Further, defendant's argument based on the statement found in some of the cases that possession must be shown to be *exclusively* in the defendant is not well founded. On analysis this does not appear to be an elemental rule but one dependent on the circumstances of each case.

Proof of the possession by the defendant is the key if the inference is to be made on the basis of possession of recently stolen property. If the jury is required to speculate as to whether defendant in fact had the possession which would be a circumstance of his guilt, it would be unreasonable to draw the inference based on the speculation. See *People v. Bullion* (1921), 299 Ill. 208, 213; *People v. Hawkins* (1963), 27 Ill.2d 339, 341; *People v. Urban*, 381 Ill. 64, 69.

■■ Thus, if possession by a single defendant is in issue, the possession must be shown to be in him and not in someone else. (*Watts v. People* (1903), 204 Ill. 233, 245.) But if the circumstances show that a defendant possessed the recent stolen property either singly or jointly with others, the inference of guilt is warranted and "exclusiveness" of possession is not rebutted by merely showing another's presence. *People v. Strutynski* (1937), 367 Ill. 551, 554; *People v. Reynolds* (1963), 27 Ill.2d

523, 526; *People v. Woods* (1963), 26 Ill.2d 557, 562; *People v. Wheeler* (1955), 5 Ill.2d 474, 484-5; *People v. Harris* (1972), 53 Ill.2d 83, 85-87; *People v. Phelps* (1944), 388 Ill. 618, 622; *People v. Mathews* (1950), 406 Ill. 35, 43-44.

In the particular circumstances of this case we conclude that possession of the recently stolen articles was shown to be in defendant as a foundation for the giving of the instruction. This jury could not have been misled or prejudiced by the form of the instruction or the omission of the characterization of the possession as "exclusive." Defendant adduced evidence from which the argument was made to the jury that the possession was not in him but in his passenger alone. The defense also advanced the theory in closing arguments that the explanation for the items being in defendant's car was that he was moving them for Mendiola, although the record reveals no specific testimony to that effect. Such arguments would have permitted the jury to refuse to draw the inference of guilt from possession if they had found the evidence credible. Possession is a question of fact to be decided by the jury whose province it is to decide the credibility of witnesses, the weight to be given their testimony and the inferences to be drawn. *People v. Woods*, 26 Ill.2d 557, 562; *People v. Harris*, 53 Ill.2d 83, 85-87.

Defendant next contends that the trial court committed reversible error in admitting over objection a photograph which showed contents of the white suitcase which were not taken in the burglary. He argues that a photograph of the suitcase itself had been admitted and that the photograph of the contents permitted the jury to wrongfully infer that these items were also taken in the burglary and that this was prejudicial. ■■■ While a number of items in the suitcase had no relevance to the offense charged, there were packs of the brand of cigarettes which defendant was shown by the evidence to have smoked; and evidence that butts of the same brand were found at the McCarthy residence, although Mrs. McCarthy lived alone and did not smoke. Further, no objection was made to the testimony of one of the officers as to the contents of the suitcase or to the admission of all of the articles recovered in the search, so that the admission of the photograph was merely cumulative of the oral testimony. Thus any prejudice or error resulting from the admission of the particular photograph was harmless beyond a reasonable doubt. (See *People v. McDonald* (1936), 365 Ill. 233, 245-246.) We also find it significant that no objection was made to other photographs which showed evidence found in the vehicle but not necessarily linked to the burglary (see *People v. Allen* (1959), 17 Ill.2d 55, 61). Further, according to the testimony of one of the police officers defendant admitted that he and Mendiola committed the of-

fense charged, and defendant's written statement to that effect was admitted into evidence. We therefore conclude that no real prejudice resulted from the admission of the photograph requiring reversal. See *People v. Budzynski* (1973), 9 Ill.App.3d 24, 26-27.

For the reasons stated the judgment of the conviction is therefore affirmed.

We then reach defendant's alternative arguments that the sentence was excessive and improperly based on matters not in evidence.

It is agreed that the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*) is applicable since the case is not yet reached for final adjudication. Defendant argues that since burglary is a class 2 felony it is subject to the limitation that the minimum shall not exceed one-third of the maximum sentence imposed. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.) The State agrees that the 1-3 ratio governs but notes that the maximum sentence under the Code is 20 years and that the trial court set a maximum of 15 years which was within the statutory limits. Therefore, the State urges that we should merely reduce the minimum sentence from 7 to 5 years rather than remanding for resentencing.

The defendant has argued that, during trial, the judge showed his displeasure with the misconduct of defendant's mother and girl friend during trial and severely admonished them outside the presence of the jury; that during sentencing the court again made reference to that occurrence; and that it is a fair inference from the record that the judge imposed an excessive sentence partially based on the misconduct of others than the defendant. We also note from the record that in admonishing the defendant's mother, the court made the statement that the taxpayers had given her son a "free ride" on three cases and that he didn't think that this was any place for humor or distraction. It is difficult to assess what effect, if any, the court's "observations" prior to sentencing had on the sentence imposed. The record reveals that defendant had committed numerous parole violations and exhibited conduct and an attitude which would justify imposition of a severe sentence.

In view, however, of the ambiguities in the court's statements and the questions raised, we vacate the sentence imposed and remand the cause with directions to resentence defendant under the Unified Code of Corrections. To avoid any suggestion of prejudice under the particular circumstances of the record, the causes should be re-assigned for the new sentencing hearing.

Affirmed and remanded with directions.

GUILD and RECHENMACHER, JJ., concur.