22

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERDELL E. TOLES, Defendant-Appellant.

(No. 74-175; ■■■■■■■■■■

Second District (1st Division)—September 26, 1975.

Ralph Ruebner and Phyllis J. Perko, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, in a jury trial, was convicted of burglary and in August, 1973, was sentenced to 2-6 years in the Illinois penitentiary.

The sole ground of this appeal is that the defendant was deprived of his right to a fair trial.

The Rockford police department was alerted by a service alarm as to a breakin of Sammy's Bar and Grill in the city of Rockford at approximately 3 a.m. on April 20, 1973. Upon arrival at the tavern, Officer Jacoby looked through the glass door of the building and saw two Negro males crouched behind the bar. A chair was thrown through the plate glass window and the two men exited through the broken window. Officer Jacoby proceeded on foot to chase one of the two subjects and when the person reached a parking lot a block or so from the tavern that party entered a red Chevrolet parked there. The officer aimed his revolver at the man and told him to freeze. After that the man exited the car and started running northwesterly. He was apprehended on a construction site a short distance away. At no time during this chase did Officer Jacoby lose sight of the subject, who was subsequently identified as the defendant herein.

The defendant was placed in the rear seat of the squad car and taken to the police station by Officers Jacoby and Shaftstall. As they were driving to the police station the defendant stated he did not know who owned the red Chevrolet in which he had attempted to hide. Upon investigation it was disclosed that the car was owned by defendant's common-law wife. At the station Officer Jacoby took the defendant inside and Officer Shaftstall opened the rear door of the squad car, felt down in the back seat and on the right rear floor of the car found a black secretary notebook and a pen attached to it. This notebook was identified by Sam Lazzio, the owner of Sammy's Bar and Grill, as belonging to him. He testified that the notebook was in a drawer in the tavern on the morning of April 20 at the time Mr. Lazzio locked the bar.

The testimony of the witnesses for the State discloses various conflicting statements made by the defendant at the time of his apprehension, while he was in custody and the testimony adduced by the defendant as a witness in his own behalf at trial. No useful purpose would be served in reiterating the inconsistencies of the various statements made by the defendant except to note that several versions were given by him as to what transpired, mostly to the effect that other parties perpetrated the burglary and not he. Additionally, in the statements and in his testimony, these parties were identified variously as "Tommy Poorman," "Charles Jones," "James Hoff," and "Hawk." It is to be noted that the record discloses that the other party indicted with the defendant herein,

one Henry Warner, pled guilty to the instant offense and was sentenced to 1-3 years in the penitentiary.

■■ The basis for the defendant's contention that he was deprived of a fair trial is two-fold. The first is that an instruction relative to the recent exclusive possession of stolen property should not have been given. (IPI Criminal 13.21.) His argument in support of this contention is that the recently stolen notebook found in the squad car of the police department after the defendant had been taken to jail might have been placed there by someone else. This argument, in this court's opinion, is without merit. There is no argument that the defendant was present, by his own admission, in the vicinity of the burglary and, as indicated above, not only present in the building but chased by the police officer who did not lose sight of him. He was then placed in the squad car together with the two officers. It is obvious that no one else was in the squad car in the few minutes between the time he exited the burglarized premises and was taken to jail. We do not find that the cases cited by the defendant in this respect are persuasive for this argument. As a matter of fact, in *People v. Barber* (1974), 20 Ill.App.3d 977, 313 N.E.2d 491, cited by the defendant, this court stated:

> "The inference of guilt from unexplained possession of recently stolen property has been long established."

We cited therein the case of *Comfort v. People* (1870), 54 Ill. 404, where the court considered the possession of a pawnbroker's ticket in the defendant's name as evidence of the unexplained possession of recently stolen property. In this early case, followed consistently to the present time, the Illinois courts have held that the presumption that the possessor of recently stolen property was the thief is an inference which the jury might consider, based on common sense from known events. In the case before us the defendant was in the rear seat of the squad car and, when he left, the stolen notebook had been left on the floor. We find this to be sufficient to justify the giving of the People's instruction relative to exclusive possession of recently stolen property where there is no reasonable explanation of his possession and that the jury may infer and find that the defendant had obtained possession of the property by burglary. We further stated in *Barber* that the fact that the element of possession was controverted was not a basis for refusing to give the "recent possession" instruction. We therefore find this argument to be without merit.

■■ The second argument of the defendant as to the alleged deprivation of a fair trial relates to the introduction of the prior conviction of the defendant after he had testified in his own behalf. Defendant has cited *People v. Montgomery* (1971), 47 Ill.2d 510, 268 N.E.2d 695. In *Montgomery* the Supreme Court of Illinois considered the rule relative to "Im-

peachment by Evidence of Conviction of Crime" adopted by the Committee on Rules and Practice and Procedure of the Judicial Conference of the United States. The substance of *Montgomery* is that the State does not have a right, in every instance, to introduce evidence of conviction of a prior crime. The court further limited the conviction to a period of 10 years and stated that the discretion of the trial court in the introduction of evidence of a prior crime should be exercised judiciously and that the "goal of a criminal trial is the disposition of the charge in accordance with the truth." In the case before us the prior conviction of the defendant was that of armed robbery and attempted murder. At the time of the instant offense the defendant was on parole for those two offenses. The defendant had made various and sundry conflicting stories as to the burglary and had named four parties, with no evidence as to where they lived or where they could be located, as being the actual participants in that burglary together with Henry Warner. (See *People v. Hawkins* (1963), 27 Ill.2d 339, 189 N.E.2d 252.) When we add defendant's stories together with his prior conviction we find that the trial judge was amply justified in allowing the introduction of the prior conviction as effecting the credibility of the testimony of the defendant.

■■ The defendant contends he should have been allowed to introduce evidence that the conviction introduced by the State was on appeal at the time of the instant trial. It should be noted that this conviction was, in fact, affirmed by this court in *People v. Toles* (1975), 30 Ill.App.3d 837, 335 N.E.2d 188. In *People v. Bey* (1969), 42 Ill.2d 139, 246 N.E. 2d 287, the supreme court held that the introduction into evidence of a prior conviction of a defendant who testified in his own behalf was proper, because, "[e]ven in this day of virtually automatic appeals, the judgment of the trial court is still a determination of guilt which stands until it is reversed." The court went on to say:

> "We therefore hold that the admissibility for impeachment purposes of proof of a prior conviction is unaffected by the pending appeal of that conviction until such time as the invalidity of such conviction has been established." (42 Ill.2d 139, 146, 246 N.E.2d 287, 291.)

Interestingly enough, the court did state that:

> "Our holding here does not, of course, hinder defendant from establishing that an appeal from the impeaching conviction is in process." (42 Ill.2d 139, 146, 246 N.E.2d 287, 291.)

The defendant herein should have been allowed to introduce evidence that the appeal of this conviction was in process at the time of trial. However, we hold this to be harmless error beyond a reasonable doubt for two valid reasons; the first is the prior conviction was subsequently af-

firmed by this court and, more importantly, the evidence of the defendant's guilt herein is overwhelming.

■■ We find that the defendant did, in fact, have a fair trial. We further find that the jury was justified in believing the testimony of the State's witnesses in contradiction to the various explanations of the defendant as to who committed the burglary and to his various stories relating thereto.

We affirm the trial court.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.