THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY SAULSBURY, Defendant-Appellant.

Fourth District   No. 14033

Opinion filed December 16, 1977.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward Y. Crandall, State's Attorney, of Rushville (Robert C. Perry and Jane F. Bularzik, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE LEWIS delivered the opinion of the court:

The defendant was tried by a jury, found guilty of murder, and received a 25- to 75-year sentence. He argues on appeal that he was not proved guilty beyond a reasonable doubt and that he was denied due process when the prosecutor's cross-examination and closing arguments dwelled on defendant's post-arrest silence.

■■ Defendant does not contend that he did not stab Cooper, but rather argues that the act was in self-defense. We will not disturb the jury verdict unless it is plainly apparent that proof beyond a reasonable doubt is lacking (*People v. Hansen* (1963), 28 Ill. 2d 322, 192 N.E.2d 359, *cert. denied* (1964), 376 U.S. 910, 11 L. Ed. 2d 608, 84 S. Ct. 665). A review of the record indicates that Saulsbury's version of the events is denied by other witnesses. Defense counsel in closing argument conceded this point when he stated that if the jury believed the other witnesses they would have to find the defendant guilty. Particularly crucial is the testimony of the deceased's girlfriend that a broken bottle Saulsbury claims the deceased raised to strike him with was in Cooper's same back pocket when Cooper returned to his sister's apartment clutching his chest. This implies that the bottle never left Cooper's pocket. If defendant was unaware of a weapon, there was no reason to use deadly force in self-defense. Also significant are the differences between Lorenda Carpenter's and Saulsbury's testimony as to exactly what happened. Carpenter testified: (1) She asked Saulsbury to put the knife away after they returned to the apartment and he refused; (2) Cooper brought his hand up, but then brought it down again and it was only after that that Saulsbury invited him into the apartment; Cooper stepped in and he was immediately stabbed.

The State also argues that the evidence of defendant's flight after

stabbing is circumstancial evidence of guilt. It is well established that evidence of flight is admissible to show consciousness of guilt. *People v. Harris* (1972), 52 Ill. 2d 558, 288 N.E.2d 385.

Under all the evidence in this case, the evidence was sufficient to sustain the verdict.

The second issue concerns prosecution comments and questions regarding Saulsbury's post-arrest, post-*Miranda* silence. After defendant left the scene of the stabbing, he went to some friends. These friends were not at home, but Saulsbury saw Lorenda Carpenter who tried to persuade defendant to turn himself in. He refused because he was on parole and did not think the authorities would believe him. He then testified on direct examination that, when he was arrested several hours after the incident, he did not volunteer any explanation to the sheriff because the sheriff had read him his rights and, since he was on parole, he did not think they would believe him.

The following cross-examination occurred:

"Q. And you also testified that Sheriff Miller arrested you, he gave you your *Miranda* warnings and that you didn't ° ° °

A. That's right.

Q. [continuing] told you that you didn't have to say anything that anything you say could and would be used against you?

A. Yes.

Q. And you exercised your constitutional right not to tell him anything, is that correct?

A. Yes."

The prosecutor also asked if Saulsbury made a statement after he learned that Cooper was dead and he was being charged with murder. Defendant replied, "No."

■■ In *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, the Supreme Court held that prosecutorial questions and comments on the defendant's post-arrest silence violate due process and cannot be used as impeachment of defendant's credibility. In the case at bar, no objection was made either to the prosecutor's questions or his closing arguments. Several cases have held that this kind of error is not waived by the lack of objection. (*People v. Monaghan* (1976), 40 Ill. App. 3d 322, 352 N.E.2d 295; *People v. McDowell* (1972), 4 Ill. App. 3d 382, 280 N.E.2d 471.) It has been recognized as reversible error under the "Plain Error" Rule (Supreme Court Rule 615, Ill. Rev. Stat. 1975, ch. 110A, par. 615; *Monaghan; People v. Kennedy* (1975), 33 Ill. App. 3d 857, 338 N.E.2d 414; *People v. Suggs* (1977), 50 Ill. App. 3d 778, 365 N.E.2d 1118).

As detailed above, there is a line of authority in Illinois which states that it is a violation of due process to comment on post-arrest silence, and this court does not disagree with that premise set out in *Doyle* and followed in

Illinois. However, in this case the prosecutor's questioning was, in fact, invited by the testimony of defendant on direct examination.

■■ Generally, defendant cannot complain where the prosecutor pursues a line of inquiry which the defendant invited. (*People v. Clark* (1973), 9 Ill. App. 3d 998, 293 N.E.2d 666.) In addition, it has been held that the prosecutor may inquire about otherwise inadmissible prejudicial evidence when defendant himself testified concerning such evidence on direct (*People v. Jackson* (1974), 24 Ill. App. 3d 700, 321 N.E.2d 420). We believe that, under the circumstances herein, the cross-examination was proper because it was invited by Saulsbury's testimony on direct.

A further question presented here involves the prosecutor's extensive comments in closing and rebuttal arguments concerning Saulsbury's post-arrest silence. The theme of the arguments was that Saulsbury's silence after arrest and after being informed Cooper died is inconsistent with defendant's innocence since a man who truly committed murder in self-defense would have cooperated with the police and told them his version of the events right away. Defense counsel argued that defendant was merely asserting the constitutional rights any person under arrest has. Defense counsel did not object to the State's comments.

■■ We hold that since the defendant first broached the subject on direct examination, resulting evidence may be commented on in the closing arguments. It would be unfair for the defendant to be able to raise the point in direct examination and then not allow the State to comment thereon. Even in *Doyle*, in certain of the footnotes, there is authority that the prohibition against use of the defendant's silence is not absolute and may be lifted because of the defendant's actions. We feel that this case is one of those circumstances.

The jury verdict, therefore, must stand and the cause is affirmed.

Affirmed.

GREEN, P. J., and TRAPP, J., concur.