THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLAUDE HAMBRICK, Defendant-Appellant.

First District (3rd Division)   No. 78-27

Opinion filed January 24, 1979.

James J. Doherty, Public Defender, of Chicago (Andrea D. Lyon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joseph P. Quirk, and John J. Moran, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County the defendant, Claude Hambrick, was found guilty of burglary. He was

sentenced to a term of 5 to 15 years. On appeal the defendant argues that prejudicial remarks of the prosecutor denied him his right to a fair trial; that the trial court erred in denying his motion to preclude introduction of a receipt allegedly signed by the defendant; that the jury was erroneously instructed to infer guilt in violation of the defendant's right to due process; and that the defendant was not proved guilty beyond a reasonable doubt.

On December 19, 1976, Lenie's Bric-a-Brac shop, on North Clark Street in the City of Chicago, was burglarized. Lenie DeMartino, the owner of the shop, testified for the State and described the items that had been stolen. The arresting officer testified that some of those items were discovered on the defendant's person when he was arrested the following day. These items included five rings which were found in the defendant's underpants. The defendant was given his *Miranda* warnings when he was arrested. He told the arresting officer that he had bought the rings from a man on Wilson Avenue. The defendant then refused to answer questions concerning where on Wilson Avenue he had bought the jewelry or how much he paid for it.

William Gersten, a jewelry store owner, testified that he paid the defendant $100 for approximately 80 items of jewelry. Gersten identified the defendant in court, and also testified that he had identified the defendant's picture from a group of photographs shown him by the police. A motion to bar the introduction of a receipt which Gersten said the defendant had signed with the name "C. Brown" was denied, and the receipt was admitted into evidence. Gersten was allowed to testify concerning the issuance of the receipt.

The defendant did not call any witnesses.

The defendant's first argument on appeal is that the prosecutor's rebuttal argument contained prejudicial and improper remarks which by shifting the burden of proof to the defendant, denied him a fair trial. More specifically, the defendant objects to the following statements of the prosecutor:

> "Well, they say we didn't prove that's his signature on the receipt. There is no handwriting comparison. We didn't show you that's him. If I sign something in front of you, ladies and gentlemen, and you come into Court to testify that you saw me do it, is that proof of it? Who signed it? Yes, I saw that man there sign that receipt. That has been the testimony. The uncontradicted, unrebutted testimony. If you think that wasn't Claude Hambrick's signature on that receipt, do you think you wouldn't have heard about it from that stand."

The defendant argues that these remarks had the effect of shifting the

burden of proof; that the jury was told, in effect, that the defendant had to prove that the signature was not his.

■■ We do not find improper the prosecutor's above-quoted remarks concerning the lack of proof of the signature on the receipt. The remarks were made in response to the defense's closing argument in which defendant's counsel said: "There are ways of determining whose signature was on the receipt, but the State didn't seek to introduce those ways or to have someone come in and say, 'Yes, that is the handwriting of Claude Hambrick.' They didn't do that." In *People v. Johnson* (1968), 102 Ill. App. 2d 443, 243 N.E.2d 310, the court noted that it is not error for the prosecutor to reply to a question propounded by the counsel for the accused and that where the defense counsel has rhetorically asked why the State did not produce certain witnesses, it is permissible for the prosecutor to ask why the defendant did not bring in the same witnesses. Although here, had the parties chosen to use handwriting experts, those experts undoubtedly would have been different persons, we believe the reasoning of the *Johnson* court is applicable. The defense chose to bring to the jury's attention the fact that the State had not presented an expert to testify that the "C. Brown" signature was in the defendant's writing. The defendant cannot later complain of the prosecutor subsequently asking the jury why the defense did not use an expert to say the writing was not the defendant's. "The remarks of the State's Attorney were invited by the remarks of defendant's counsel and defendant cannot claim he was prejudiced by the reply." *People v. Wheeler* (1955), 5 Ill. 2d 474, 486, 126 N.E.2d 228, 234.

■■ The defendant also objects to the prosecutor's characterization of the defense in his closing argument as being "smoked" and that "you just can't grab it because it's just not there." We believe this description did not constitute reversible error. It was a characterization of the defendant's defense, as described at trial, which the jury could have found reasonable. *People v. Madden* (1978), 57 Ill. App. 3d 107, 372 N.E.2d 851.

■■ The defendant additionally argues his *Miranda* rights were violated when the prosecutor commented in closing arguments that, according to the police officer's testimony, the defendant refused to answer questions about the man on Wilson Avenue from whom he claimed to have purchased the jewelry. We do not agree.

The arresting police officer, Richard Young, testified for the State. He said the defendant was given the *Miranda* warnings on the street and again at the police station. The prosecutor did not ask Young whether the defendant had been asked any questions or had volunteered any information. On cross-examination, defense counsel asked Young if he had asked the defendant where he got the jewelry. Young said he had;

that the defendant responded that he obtained the jewelry from an unknown male on Wilson Avenue. Young also said, in response to defense counsel's questions, that the defendant would not answer when asked where on Wilson Avenue he purchased the jewelry and that the defendant did not tell him how much he paid for the jewelry. On redirect, the prosecutor asked Young if he had asked the defendant how much he paid for the jewelry and Young indicated he had.

■ The statements the defendant is concerned with came out at trial in response to questions asked on cross-examination by the defense. Where defense counsel elicits particular testimony on cross-examination, the defendant cannot later complain about that which is elicited. (*People v. Wilder* (1977), 48 Ill. App. 3d 13, 362 N.E.2d 436.) Furthermore, the prosecution had a right to refer to any evidence brought out by interrogation by the defendant's counsel (*People v. Saulsbury* (1977), 55 Ill. App. 3d 663, 371 N.E.2d 165) even though the prosecutor's comments might have been improper had those questions not been asked, or had the prosecutor himself attempted to ask the questions which revealed the defendant's partial silence at the time of his arrest.

■ The defendant next argues that the trial court erred in denying his motion *in limine* to preclude the State's introduction of the receipt bearing the name "C. Brown." The State did not list this document in its answer to discovery and the defendant claims he was surprised and prejudiced at trial when the receipt was introduced into evidence.

Supreme Court Rule 412(a)(v) (Ill. Rev. Stat. 1975, ch. 110A, par. 412(a)(v)) provides, in part:

"[T]he State shall, upon written motion of defense counsel, disclose to defense counsel the following material and information within its possession or control:

＊　＊　＊

(v) any books, papers, documents, photographs or tangible objects which the prosecuting attorney intends to use in the hearing or trial ＊　＊　＊."

The defense timely filed a motion for discovery which included a request for both "physical property that the State intends to use at the time of trial" and "[a]ny books, papers, documents" etc., "which the prosecution intends to use in the hearing or trial ＊　＊　＊." The State's response did not include mention of the receipt signed by "C. Brown." We believe it is clear that the State was in violation of the rule when it later introduced the receipt into evidence at trial.

■ However, for this omission to be reversible error, the defendant must demonstrate that he was thereby prejudiced. (*People v. Green* (1976), 42 Ill. App. 3d 978, 356 N.E.2d 947.) Furthermore, the claim of prejudice

"cannot be founded on mere conjecture." *People v. Lewis* (1975), 60 Ill. 2d 152, 158, 330 N.E.2d 857, 860.

The defendant argues he may have pleaded guilty had he known the receipt would be introduced into evidence and that, in any event, his theory of defense may have been different had he possessed the receipt before the commencement of trial. We believe this is "mere conjecture." Even if the motion *in limine* to exclude the receipt had been successful, Gersten would have been able to testify to the existence of the receipt, to the name which appeared on it, and to his identification of the defendant as the person who in fact signed it. Furthermore, the defense knew of the existence of the receipt prior to trial because it was mentioned in the police reports. Finally, the defendant answered ready for trial before he had received the State's answer to discovery. Under these circumstances, we cannot say that the defendant was prejudiced to the extent that he was denied his right to a fair trial.

■■ The defendant's next argument is that the jury was instructed to infer his guilt in violation of the due process clause. The instruction to which the defendant objects is Illinois Pattern Instructions, Criminal, No. 13.21, which states:

> "If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by burglary."

The defendant argues that this instruction was erroneous because it allowed the jury to find the defendant guilty on the basis of proof only that a burglary occurred and that the defendant had possession of some of the stolen property; in other words, the defendant submits the State did not have to prove the link between the finding of stolen property on the defendant's person and the burglary itself.

This argument is without merit. The rationale underlying the contested instruction was approved in *People v. Hawkins* (1963), 27 Ill. 2d 339, 189 N.E.2d 252, where the Illinois Supreme Court wrote:

> "It is well established that the recent, exclusive and unexplained possession of stolen property by an accused person in and of itself gives rise to an inference of guilt which may be sufficient to sustain a conviction in the absence of other facts and circumstances which leave in the mind of the trier of fact a reasonable doubt as to his guilt." 27 Ill. 2d 339, 341, 189 N.E.2d 252, 253.

Finally, the defendant argues he was not proved guilty of burglary beyond a reasonable doubt because of the surprise introduction of a document not listed in the State's answer to discovery, the prosecutor's prejudicial and improper arguments, and the improper instruction. We

also find this argument to be without merit based on our disposition of each of these points.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.