No. 14804

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

———————————

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

LARRY D. WHITE,

Defendant and Appellant.

———————————

Appeal from: District Court of the Fourth Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Sherwood and Hood, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert L. Deschamps III, County Attorney, Missoula,
Montana

———————————

Submitted on briefs: November 14, 1979

Decided: JAN 18 1980

Filed:

*Thomas J. Kearney*

—————————————————————
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by defendant, Larry D. White, from a jury verdict and judgment entered thereon convicting him of felony theft, in the District Court of the Fourth Judicial District, in the County of Missoula. Defendant was sentenced to ten years imprisonment in the Montana State Prison without parole.

On April 17, 1978, defendant began drinking early in the day and had consumed a considerable amount of liquor and beer when he met an acquaintance, Dennis Sallee. They continued drinking in various bars in downtown Missoula.

Sometime before 9:00 p.m. on the same day, Stephen M. Langer parked his red 1974 Honda 125 cc motorcycle in the alley behind his apartment located at 147 West Main, Missoula, Montana. At approximately 10:30 p.m., Douglas Keith Downey, who had been drinking at the Top Hat Bar, walked out of the back door of that establishment and noticed two men place a motorcycle in the back of a pickup in the alley behind Mr. Langer's apartment. He was unable to identify the two men beyond the fact that one was taller, one had a darker complexion, and both had dark hair.

After the two men drove away, Mr. Downey drove to the police station and reported what he had seen. Officer Doug Hartsell took the information, filled out a desk report, and dispatched the information over the air to patrol vehicles. Approximately five minutes after the dispatch, Officer Lex Herndon observed a vehicle which matched the description of the truck and made a stop.

The pickup was driven by Dennis Sallee and defendant was a passenger. In the back of the truck was a red Honda

-2-

125 cc motorcycle which was later identified as belonging to Langer. Sallee and the defendant were placed under arrest.

At the trial, neither Sallee nor defendant could recall the events of that night, prior to the arrest. There was expert testimony indicating defendant suffers from an advanced stage of alcoholism and is subject to alcoholic blackout.

The prosecution introduced testimony that when Langer parked the motorcycle, he locked the steering column, causing the front wheel to be locked in a position such that the motorcycle could only be rolled in circles. One person without a key could move it only by dragging it and two people could barely carry it because of its weight. Langer testified he could not have lifted it alone and could have moved it only with difficulty. The steering column was still locked when the bike was taken to the police station. The value of the bike was over $150.

On May 4, 1978, an information was filed in District Court charging defendant with the offense of felony theft. Defendant entered a plea of not guilty to the charge.

Upon defendant's motion, a psychiatric examination of the defendant was conducted by the regional mental health center. The case was set for trial. Defendant moved for substitution of judge and filed a notice of intent to use insanity as a defense. Noel Hoell, M.D., performed the evaluation upon order of Judge Dussault, who had assumed jurisdiction. Dr. Hoell's evaluation stated the defendant was not seriously mentally ill, but was a chronic alcoholic.

After the retirement of Judge Dussault, Judge Gordon R. Bennett assumed jurisdiction. After a jury trial on October 2, 1978, a verdict of guilty to the charge of theft, a

felony, was returned on October 3, 1978.

The following issues for review have been presented to this Court:

1) Did the District Court err in allowing the arresting officer to testify regarding the dispatch he received shortly before the arrest?

2) Did the District Court err in allowing an eyewitness to the theft to testify for the State in rebuttal instead of in its case-in-chief?

3) As to sufficiency of the evidence:

A) Did the District Court abuse its discretion in denying defendant's motion to dismiss at the close of the State's case; and

B) Is the conviction supported by sufficient evidence?

Defendant contends that Police Officer Herndon's testimony regarding the radio dispatch he received from Officer Hartsell was hearsay and that the District Court erred in permitting it to be introduced.

This Court had a similar situation in State v. Paulson (1975), 167 Mont. 310, 538 P.2d 339. In Paulson, the defendant maintained the police officer's testimony regarding his telephone conversations with the Tucson authorities was hearsay. We disagreed and stated: "This conclusion is not supported by law. The testimony was introduced only for the purpose of demonstrating the existence of probable cause to make the arrest without a warrant and subsequent search." State v. Paulson, supra, 538 P.2d 343. We continued and quoted from Ker v. California (1963), 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, wherein the United States Supreme Court stated "' * * * That this information was hearsay does

-4-

not destroy its role in establishing probable cause. . .'"
538 P.2d 343.

When Officer Herndon's testimony is viewed in the context in which it was introduced at the trial, it becomes apparent that it was being used to establish that there was probable cause to stop the vehicle in which the defendant was riding and, subsequently to arrest him. The testimony of Officer Herndon was properly admitted by the District Court.

Defendant complains it was error for the District Court to permit the State to reopen its case-in-chief and to permit the testimony of Doug Downey, the eyewitness to the theft, to be introduced at the close of defendant's case.

Section 46-16-401, MCA provides that the prosecution should put on its case-in-chief prior to that of the defense. Section 46-16-402, MCA grants to the trial court the discretion to depart from that order of trial "for good reasons." Defendant contends no good reasons existed.

This contention is not supported by the facts. A review of the record indicates that the State had substantial difficulty in locating Mr. Downey. While part of this problem was caused by the State's failure to subpoena the witness prior to the trial, it is apparent that the State kept the trial court and the defendant informed of its difficulty in locating the witness and of its intention to call the witness as soon as he was located. The witness was also listed on the information, therefore defendant cannot claim surprise. Further, the trial judge in permitting the State to reopen its case-in-chief also gave the defendant full opportunity to rebut Mr. Downey's testimony.

It has long been the rule in Montana that the order in which proof is admitted at the trial is within the sound discretion of the trial court, State v. Allison (1948), 122 Mont. 120, 143, 199 P.2d 279, 292, and that the usual order of trial may be departed from in the proper case, State v. McKenzie (1976), 171 Mont. 278, 309-310, 557 P.2d 1023, 1041, vacated on other grounds 433 U.S. 905 (1977). Here there were "good reasons" for the departure from the order of trial and the District Court acted properly in permitting the departure.

The third issue concerns the sufficiency of the evidence introduced and is twofold. It deals with whether the State established a prima facie case and whether there was sufficient evidence introduced during the trial to support the guilty verdict.

The defendant maintains the District Court erred in failing to grant his motion to dismiss for failure to establish a prima facie case. Defendant further maintains that there was insufficient evidence to support a verdict of guilty to the charge of felony theft. The crux of defendant's argument appears to be that the State failed to show the defendant was in possession of the stolen goods at the time of the arrest. The defendant contends the evidence shows only that the motorcycle was taken by two people in a red pickup and that appellant was in a red truck driven by Dennis Sallee when the police stopped them.

The defendant relies on two Montana cases in support of this argument: State v. Campbell (1978), ___ Mont. ___, 582 P.2d 783, 35 St.Rep. 733; and State ex rel. Wilson v. District Court (1972) 159 Mont. 434, 498 P.2d 1217.

An examination of these cases indicates they are dis-
tinquishable.  In Wilson and Campbell there was an absence
of any conclusive evidence linking the defendant with the
stolen merchandise.  Here, White was an occupant in the
truck, transporting the stolen motorcycle, when the truck
was stopped a very short time after the theft occurred - a
theft which was accomplished by two men in a vehicle match-
ing the description of the van in which defendant was a
passenger.  There was also testimony that the defendant and
Sallee had been together all evening.

In People v. Barber (1974), 120 Ill. 977,
313N.E.2d 491, an argument similar to defendant's was
presented by a driver, who argued that he was simply moving
the stolen property in his car for his passenger.  He con-
tended that the fact he had a passenger in the car at the
time of his arrest raised a reasonable doubt as to whether
he or his passenger was in possession of the stolen property.
The Illinois Court rejected this argument and stated:

> "If possession by a single defendant is
> in issue, the possession must be shown to
> be in him and not in someone else . . .
> But if the circumstances show that defen-
> dant possessed the recently stolen property
> either singly or jointly with others, the
> inference of guilt is warranted and 'ex-
> clusiveness' of possession is not rebutted
> by merely showing another's presence."
> 313 N.E.2d at 494.

See also People v. Umphers (1971), 133 Ill.App.2d 853, 272
N.E.2d 278, 280; Bury v. State (1968), 2 Md.App. 674, 236
A.2d 751, 753; Martinez v. People (1967), 162 Colo. 195,
425 P.2d 299, 301; Commonwealth v. Gusciora (1951), 169
Pa.Super. 27, 82 A.2d 540, 542; 51 A.L.R.3d 727, § 39(b) at
799-801 (1973).

The Court in Barber pointed out that:  "Possession is a

-7-

question of fact to be decided by the jury whose province it is to decide the credibility of witnesses, the weight to be given their testimony and the inferences to be drawn." 313 N.E.2d at 495. This record contains sufficient credible evidence to support the jury verdict on this issue.

In Montana the decision whether to grant or deny a motion to dismiss at the close of the State's case lies within the sound discretion of the trial court. Section 46-16-403, MCA. Further, a directed verdict should only be given where there is no evidence on which the jury could base a conviction. Paulson, supra; State v. Thompson (1978), ___ Mont. ___, 576 P.2d 1105, 1108, 35 St.Rep. 343. There was sufficient evidence in the record to send this case to the jury and the District Court acted properly in denying defendant's motion to dismiss.

There was also substantial evidence in the record to support the finding by the jury that defendant committed the offense of theft. The verdict must therefore stand. State v. Fitzpatrick (1973), 163 Mont. 220, 516 P.2d 605.

The judgment of the District Court is affirmed.

We concur:

_____
Justice

_____
Chief Justice

_____
_____
_____
Justices