STATE, RESPONDENT, v. KUILMAN, APPELLANT.

(No. 8,139.)

(Submitted January 29, 1941. Decided February 25, 1941.)

[110 Pac. (2d) 969.]

*Mr. George W. Farr,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Carl N. Thompson,* Assistant Attorney General, and *Mr. Al Hansen,* County Attorney of Fallon County, for the State, submitted a brief; *Mr. Hansen* and *Mr. Howard Gullickson,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendant was accused by complaint in bastardy filed September 24, 1938, of being the father of a then unborn child which, if born alive, would be a bastard. Before trial and on February 6, 1939, the child was born alive. Trial resulted in a verdict of guilty and the court, by subsequent proceedings, fixed the amount which defendant should be required to pay

to the mother toward the maintenance and support of the child in the sum of $25 per month. The appeal is from the judgment.

Two questions are raised by the appeal, viz.: Did the court err, first, in denying defendant's motion for a continuance, and, second, in fixing the amount which defendant should pay toward the support and maintenance of the child?

The record discloses that the case was first set for trial on October 20, 1939. It was later reset for October 27 and was actually reached for trial on October 30. On the latter date the defendant filed a motion for continuance supported by the affidavit of his counsel. The affidavit set out that two witnesses, naming them, were absent. As to one witness the affidavit asserted that he formerly resided in Miles City and is now in the state of Wyoming; that he had assured the defendant that he would, notwithstanding his change of residence, appear and be present as a witness, and that he now refuses to come; that affiant, as defendant's counsel, has had no opportunity or time to take his deposition; that if present and permitted to testify he would testify, as affiant is informed and believes, that he had sexual intercourse with the complaining witness, mother of the child, in the early part of May, 1938.

As to the other witness the affidavit of defendant's counsel states that he resides at Wibaux and that a subpoena was issued for his attendance, and "soon after the issuance of the subpoena" it was learned that the cause would not be reached for trial at the time set [October 20], and affiant was informed that when the case was actually reached for trial the witness was on a hunting trip in the western part of the state and expected to return any day; that the witness, as affiant is informed and believes, if present would testify to the effect that some time after the tenth day of May, 1938, he had a conversation with the complaining witness, who then admitted that she had had intercourse with men other than defendant shortly prior to the time she claims to have had intercourse with defendant.

Motions for continuance are addressed to the discretion of the trial court, and its action will not be overturned on appeal in the absence of a showing of prejudice to the movant. (*Hunt* v. *Van,* 61 Mont. 395, 202 Pac. 573; *Downs* v. *Cassidy,* 47 Mont. 471, 133 Pac. 106, Ann. Cas. 1915B, 1155.) And before a motion should be granted, the affidavit must show that due diligence has been used to procure the absent evidence. (Sec. 9332, Rev. Codes.) There must also be a showing made that, if a continuance were granted, the evidence could be procured at a subsequent time. (*McCarthy* v. *Anaconda Copper Min. Co.,* 70 Mont. 309, 225 Pac. 391.)

Here it is conceded that the absent evidence, if available, was material. However, it was of such a character that there naturally would be great reluctance on the part of the witnesses to appear as such. There is no reasonable assurance that the evidence would be available if a continuance were granted, other than the statement of counsel in the nature of a conclusion. Likewise, the showing of due diligence is in the nature of a conclusion. (*Alderson* v. *Marshall,* 7 Mont. 288, 16 Pac. 576; *Bean* v. *Missoula Lumber Co.,* 40 Mont. 31, 104 Pac. 869.) As to one of the witnesses there is no showing that a subpoena was even issued. As to the other there is a showing that a subpoena was issued but no showing that it was ever served.

It is noteworthy that defendant filed a motion for new trial upon the ground, among others, of "newly discovered evidence, material for the defendant, which he could not, with reasonable diligence have discovered and produced at the trial." The motion does not appear to have been ruled upon. It was apparently abandoned. No affidavits were presented from either of the witnesses whose testimony was made the basis for a continuance. There has been no showing that defendant has been prejudiced by the court's refusal to grant a continuance in that there was not a sufficient showing made that the evidence would be available if a continuance were granted. The court did not err in refusing to grant the motion for a continuance.

Is the award of $25 per month for the support and main-

tenance of the child unwarranted? There is ample evidence supporting the court's finding in this respect. While defendant at the time of trial was earning and receiving only the sum of $55 per month as wages, there is evidence that at times he has earned as much as $120 per month. We cannot say that the court was not justified in fixing the amount which defendant must pay for the maintenance of the child at the sum of $25 per month.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.