No. 12910

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA,

                           Plaintiff and Respondent,

    -vs-

LEON ALBERT PAULSON,

                           Defendant and Appellant.

---

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable C. B.Sande, Judge presiding.

Counsel of Record:

    For Appellant:

        Robert L. Stephens, Jr. argued, Billings, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Thomas A. Budewitz, Assistant Attorney General,
        argued, Helena, Montana
        Harold F. Hanser, County Attorney, argued, Billings,
        Montana

---

                          Submitted:  June 18, 1975

                                Decided: AUG 1 1975

Filed: AUG 1 1975

*Thomas J. Kearney*
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant Leon Albert Paulson appeals from a judgment entered on a jury verdict in the district court, Yellowstone County, convicting him of criminal possession of marijuana, a felony.

On July 21, 1974, Craig Cunningham, a Yellowstone County deputy sheriff then attached to the city-county narcotic squad, received a telephone call from one Sergeant Wolf of the Metropolitan Narcotics Team, Tucson, Arizona. Wolf relayed information given him by an informant who was "involved in making shipment cases almost exclusively for his department, and that his reliability had proven to be very high in the past." The Tucson officer told Cunningham that in 1974 the informant had "made more cases for them than he had the previous year, all involving shipments of narcotics." The information was received via several telephone conversations over a period of time beginning shortly before noon and ending about five or six that Sunday afternoon, July 21. Cunningham was told a shipment of narcotics would be brought by airplane into Billings by a white male, in his early twenties, about six feet tall, with sandy colored hair; in his possession would be a brown Samsonite suitcase, double zippered with a single strap, with a claim check attached marked with a specific number; and the bag would contain about 30 pounds of marijuana.

That evening at 7:30, the due time of the Western Airlines flight from the south, Officers Cunningham and Wickhorst, were at the Billings Logan International Airport and went to the baggage area where they identified the bag and sent it up the ramp to the claim area. Defendant Paulson picked up the bag and attempted to place it in a locker. Before he could get it entirely inside

- 2 -

the locker, the officers approached and arrested him for possession of dangerous drugs. Paulson was read his rights and frisked for weapons.

At the police station the suitcase was opened with a key provided by defendant, inside was found 25 pounds and 12 ounces of what was later identified to be marijuana.

The marijuana was identified by Cunningham, the arresting officer, through the use of the "valtox field drug testing kit", a set of commercial chemicals used by police departments. Although Cunningham was not a trained chemist, he had been trained in the use of the kit for field test purposes. At trial it was established that Cunningham had handled nearly 200 arrest cases for drugs and could identify such substance by sight and smell. The same was true of the other arresting officer, Wickhorst. The opinions of Cunninghim and Wickhorst were later corroborated by a state chemist, A. B. Meinikoff of Missoula, Montana.

The case was set for trial September 11, 1974, but that trial date was vacated. The hearing on defendant's motion to suppress evidence was held on September 30, 1974. On October 4, 1974, defendant filed an affidavit to disqualify the presiding judge, but was denied. This Court in response to a petition for supervisory control on October 11, 1974, sustained that denial. Trial was held, defendant convicted, and he now appeals.

On appeal, defendant contends section 95-1806(f), R.C.M. 1947, which authorizes the motion to suppress evidence illegally seized, is unconstitutional in that it places the "burden of proof" on the defendant. Here, the record is utterly devoid of a showing this statute was challenged before the district court. Rather, the facts show defendant, at the suppression hearing, went so far as to remind the court that he was the moving party and was required to put on his evidence first. On appeal, this Court can consider for review only those issues raised in the

- 3 -

trial court. Spencer v. Robertson, 151 Mont. 507, 445 P.2d 48; Clark v. Worrall, 146 Mont. 374, 406 P.2d 822.

Defendant next contends the district court abused its discretion in denying his affidavit of disqualification. As heretofore stated, that issue was presented to this Court by a petition for supervisory control on October 11, 1974, and denied. We find no reason to disturb that ruling.

Defendant next alleges that during the course of trial, the state called one of the arresting officers to testify on the identity of the evidence seized, and defense counsel cross-examined vigorously for the purpose of establishing the tests used were unreliable. At that point the state offered to withdraw a portion of the evidence and have it flown to Missoula for identification by the state chemist.

Defense counsel objected on grounds that (1) no state chemist had been endorsed on the Information; (2) his case had been prepared in reliance of the endorsements; and, (3) prejudice would inure to defendant resulting from actual surprise. The next day the state chemist did, in fact, testify in sponsorship of his test results. Defense counsel then requested a continuance for the purpose of rebutting that testimony; this was denied by the trial court. Defendant now alleges the trial court improperly allowed the state to endorse the witness after the trial began, and failure to grant his continuance was error.

The statute in question, section 95-1503(d), R.C.M. 1947, states:

> "If the charge is by information or indictment, it shall include endorsed thereon, the names of the witnesses for the state, if known." (Emphasis added).

From the record, there was no allegation the prosecutor was in violation of the statute, and it appears he had not planned on the additional witness at the time the original Information was

filed. Neither is there any charge the prosecutor was attempting to gain undue advantage, or to fraudulently deceive opposing counsel. Thus, the real issue is the denial of the motion for continuance.

Motions for continuance are addressed to the discretion of the trial court and the granting of a continuance has never been a matter of right. Williams v. United States, 203 F.2d 85. The district court cannot be overturned on appeal in absence of a showing of prejudice to the movant. State v. Kuilman, 111 Mont. 459, 110 P.2d 969.

Defendant's argument therefore must stand or fall on the issue of prejudice, for the district court can be said to have abused its discretion only if its ruling was prejudicial. We have not found a single case, including those cited by defendant, in which the denial of a motion for continuance was reversed without a showing of resulting prejudice to the movant. In State v. Cooper, 146 Mont. 336, 342, 406 P.2d 691, this Court explained the purpose behind the statute with which we are now concerned:

> "R.C.M. 1947, section 94-6208 [section 95-1503(d)], requires the county attorney to endorse upon the information at the time of filing 'the names of the witnesses for the state, if known.' The purpose is to protect the defendant from surprise and unfair advantage and to afford him a fair opportunity to adequately defend himself."

Clearly, this Court may not reverse the district court's ruling unless these important considerations have been offended by it.

What then, is the proper standard for determining whether prejudice resulted under the circumstances of the ruling here? The New Mexico Supreme Court in State v. Edwards, 54 N.M. 189, 217 P.2d 854, 856, spoke to this point in this language:

> "Whether names of witnesses may be endorsed during trial is a matter resting within the sound discretion of the court. It is not enough that a defendant claim surprise or prejudice in the calling of an adverse witness or one whose name does not appear upon the information charging him with crime. Nor is the mere

admission of testimony of such witness, error;
rather, error follows from a denial of an oppor-
tunity to rebut the objectionable evidence. When it
is made to appear that testimony of the witness is
such that it cannot be reasonably anticipated, post-
ponement or continuance of the hearing is available to
a defendant to meet it and if application therefor is
denied, prejudice being shown, reversal will follow."
(Emphasis supplied).

Here, it is clear defendant could have reasonably antici-
pated the testimony of the state chemist, and further, that he had
ample opportunity to rebut the evidence which, from his stand-
point, was objectionable. Defense counsel obviously planned in
advance to challenge the state's method of identification, as he
arranged for two experts to support that challenge. He was also
given a sample of the substance in question so that an independent
test could be made.

Defendant's third issue alleges the district court erred
in several evidentiary rulings. First, he alleges no proper founda-
tion was offered to support testimony that the police officers
could identify marijuana by sight and smell. We disagree. Both
men stated they had been assigned to the city-county narcotics
squad for over two years, and had attended law enforcement seminars
on that precise subject. They had made about two hundred arrests
involving marijuana and had further tested the substance through
the use of their field kits.

Section 93-401-27, R.C.M. 1947, provides a witness may
give his opinion "of a question or science, art,or trade, when
he is skilled therein." An individual may certainly qualify as an
expert either by study or experience. State v. Keeland, 39 Mont.
506, 104 P. 513. The competency of a witness to testify as an
expert is a question for the trial court's discretion. State v.
Askin, 90 Mont. 394, 3 P.2d 654. In light of the background and
experience of these witnesses here, it was not error to allow the
jury to consider their opinions and substantial evidence exists
to support their finding.

Defendant maintains the police officer's testimony regarding his telephone conversations with the Tucson authorities was hearsay. This conclusion is not supported by law. The testimony was introduced only for the purpose of demonstrating the existence of probable cause to make the arrest without a warrant and subsequent search.

The United States Supreme Court in Ker v. California, 374 U.S. 23, 36, 83 S.Ct. 1623, 10 L ed 2d 726, 739, speaking to the hearsay question held:

> "* * *That this information was hearsay does not destroy its role in establishing probable cause. Brinegar v. United States, 338 U.S. 160, 93 L ed 1879, 69 S.Ct. 1302 * * *. In Draper v. United States, 358 U.S. 307, 3 L ed 2d 327, 79 S.Ct. 329, (1959), we held that information from a reliable informer corroborated by the agents' observations as to the accuracy of the informer's description of the accused and of his presence at a particular place, was sufficient to establish probable cause for an arrest without a warrant."

In the instant case, the facts came from official police reports. It is well settled that police officers may rely on information coming to them from official sources as well as other known reliable sources. People v. Schellin, 227 Cal.App.(2d) 245, 38 Cal.Reptr. 593, 597, cert. denied 397 U.S. 1003, 85 S.Ct. 726, 13 L ed 2d 704 (1965); People v. Melchor, 237 Cal.App.2d 685, 47 Cal.Reptr. 235; Walker v. State, 237 Md. 516, 206 A.2d 795.

A motion for directed verdict was entertained and denied by the trial court. Defendant bases his allegation of error regarding this denial on two grounds (1) the statute under which he was charged prohibits only the species of cannabis sativa 1, and (2) the prosecution failed to prove that the substance possessed by defendant was actually among those prohibited by statute. We disagree. Competent evidence was introduced at trial to establish that the substance was in fact cannabis sativa 1. The jury chose to believe the state's witness, there was ample evidence to justify its decision. In State v. Metcalf, 153 Mont. 369, 379, 457 P.2d 453, this Court held:

> "In this jurisdiction a directed verdict in a
> criminal case is given only where the state fails
> to prove its case and there is no evidence upon
> which a jury could base its verdict.  State v. Yoss,
> 146 Mont. 508, 409 P.2d 452; State v. Willicombe,
> 130 Mont. 325, 301 P.2d 1116; State v. Welch, 22
> Mont. 92, 55 P. 927."

The district court was correct in denying the motion for directed verdict.

Finally, defendant challenges the warrantless search and subsequent seizure as unsupported by probable cause or any other legal justification.  The state urges the search and seizure was valid as incident to a lawful arrest.

The Fourth Amendment to the United States Constitution tolerates warrantless searches incident to a valid arrest where the existence of probable cause supports police conduct.  See: United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L ed 2d 653; Ker v. California, supra.  Under the facts here, the arrest was amply justified by probable cause, therefore the search incident thereto was valid.

The judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.