No. 13379

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

BEN PASCGO,

Defendant and Appellant.

Appeal from:  District Court of Second Judicial District
              Honorable James Freebourn, judge presiding

Counsel of Record:

    For Appellant:

        Stimatz and Engel, Butte, Montana
        Joseph C. Engel, III, argued, Butte, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        J. Gary Winston, County Attorney, Butte, Montana
        Nadine Scott argued, Deputy County Attorney, Butte,
            Montana

Submitted:   June 3, 1977
Decided: JUL 2 0 1977

FILED: JUL 2 0 1977

Thomas Jr Kearney
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant appeals from a jury conviction of burglary entered in the district court, Silver Bow County. He received a six year sentence in the Montana State Prison with two years suspended. Defendant is free on bond pending this appeal.

In early morning of March 10, 1975, police officers responded to a burglar alarm triggered at Ossello's Furniture Store in Butte, Montana. Arriving at Ossello's within two or three minutes, the officers noticed one set of footprints in the snow leading to a garage door on the north-east end of the store. It appeared to the officers a second person had walked directly in the footprints of the first, and there were no footprints leaving the building. Two panels were knocked out of the garage door. One of the broken panels was about three feet off the ground, but the officer was unable to crawl through it, due to a thin metal locking bar that cut horizontally across the opening. A television set blocked the opening in the lower panel at the bottom of the door, but the officers were able to enter the building through this opening by pushing the television set aside. The officers turned on the lights in the store and saw defendant crawling behind a rug rack. They found another man, Harold LaPier, lying in a pile of rugs on the floor. Both men were taken into custody and charged with burglary under section 94-6-204(1), R.C.M. 1947. LaPier subsequently plead guilty in a separate proceeding.

Defendant admitted at trial he entered the building unlawfully but denied he intended to commit any felony therein. Defendant's version of the incident is: Defendant, his girl friend, and LaPier had been drinking at various Butte establishments. While at the Dry Gulch Bar, near Ossello's, defendant

noticed LaPier was missing and was informed he had left the bar with a stranger; presumably they had gone to defendant's car where an extra bottle was stashed. When LaPier failed to return to the bar after about fifteen minutes, defendant became concerned and went out to the car looking for him. Defendant knew LaPier was on probation for a previous burglary and tended to get into trouble when he was drinking. LaPier was not in the car, but tracks could be seen leading to Ossello's. Defendant followed the tracks, found the broken panels in the garage door, and entered Ossello's with the purpose of getting LaPier out of the building. He found LaPier asleep in a pile of rugs, but at that time the police arrived. Defendant panicked and tried to hide, but was apprehended by the officers.

LaPier testified he entered the building with an unknown man to burglarize the store; that he pushed the television set against the lower panel of the garage door; and he lost track of his accomplice and fell asleep. LaPier maintained defendant had nothing to do with the planning or commission of the burglary.

Defendant contends the following specifications of error require a reversal of his conviction:

I.  The trial court's denial of defendant's motion for a continuance was prejudicial error;

II.  The evidence was insufficient to support a conviction of the crime of burglary.

Specification of error I.  Defense counsel made an oral motion, just before the jury was selected, to continue the trial until a later date. Defendant intended to call Dale Miller, the person responsible for the installation and maintenance of the alarm system at Ossello's, but Miller left the state just before the trial was to commence. Miller's testimony was desired to show the alarm system was activated only by motion in the store,

thus leaving open the possibility LaPier and his alleged accomplice could have remained in the store for a period of time before defendant arrived and before the alarm was tripped. Defendant contends Miller left the state to avoid testifying because the owner of Ossello's threatened to obtain a new alarm system if Miller revealed the intricacies of the old system in court. The owner testified that while he had stated he might change the system, he had not threatened to take his business away from Miller.

Section 93-4910, R.C.M. 1947 states in pertinent part:

"A motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it.* * *"

Here, no affidavit was filed to show either the materiality of the proposed evidence or that due diligence was exercised. Counsel had represented defendant from March 10, 1975, through an entire previous trial on the same matter, which resulted in a hung jury. The trial involved here began February 10, 1976, and while a subpoena was issued, it was not served on the prospective witness. The granting of a continuance is within the sound discretion of the trial court. State v. Paulson, 167 Mont. 310, 538 P.2d 339; State v. Kuilman, 111 Mont. 459, 110 P.2d 969. In view of defendant's failure to comply with section 93-4910, it cannot be said the trial court abused its discretion in denying the continuance. State v. Moorman, 133 Mont. 148, 321 P.2d 236.

Specification of error II. Defendant contends the evidence was insufficient to sustain a conviction of burglary in that there was no showing defendant intended to commit an offense within the building. The standard of this Court to measure jury determination is stated in State v. Merseal, 167 Mont. 409, 415,

538 P.2d 1364:

> "This Court remains evermindful of one funda-
> mental rule--that questions of fact must be
> determined solely by the jury, and that given
> a certain legal minimum of evidence, this Court
> on review will not substitute its judgment for
> that of the jury.* * *
>
> "* * *
>
> "On appeal we examine the evidence to determine
> whether the verdict is supported by substantial
> evidence. In so doing, we view the evidence
> in the light most favorable to the State."

See also: State v. Farnes, ____Mont.____, 558 P.2d 472, 33 St.Rep. 1270; State v. Stoddard, 147 Mont. 402, 412 P.2d 827. Therefore, this Court is limited to an examination of the evidence in the light most favorable to the state and a determination of whether there was substantial evidence to support defendant's conviction.

While defendant's story, if believed, would lead to a conclusion he was not guilty of the crime of burglary, the jury was not required to believe the testimony of defendant or the testimony of LaPier. Several factors tend to support the jury's conclusion:

1. Defendant was found in Ossello's Furniture Store at 1:42 a.m. hiding from the police. Cases from other juris-dictions have recognized the obvious inference that a person found unlawfully on the premises of another in the nighttime is there for the purpose of committing a theft. State v. Hopkins, 11 Utah 2d 363, 359 P.2d 486; Ex parte Seyfried, 74 Idaho 467, 264 P.2d 685; People v. Henderson, 138 C.A. 2d 505, 292 P.2d 267.

2. A television set had been pushed up against the opening in the lower panel of the garage door.

3. Defendant's version of the incident was corroborated only by his friend LaPier. No tracks were seen leaving the building, no other person was found in the building, and defendant

himself stated to the police that he and LaPier were the only people in the building.

4. There was conflicting testimony regarding the possibility of anyone gaining entrance through the broken upper panel. If defendant could not have entered the building through the upper panel, it could be inferred he was inside the building when the television set was placed to block the opening in the lower panel.

While defendant argues there was no direct proof of intent to commit a theft from Ossello's, the rule has long been established in Montana that use of circumstantial evidence is an acceptable and often convincing method of proving criminal intent. As we restated in State v. Farnes, _____Mont._____, 558 P.2d 472, 475, 33 St.Rep. 1270, citing State v. Cooper, 158 Mont. 102, 110, 489 P.2d 99:

> "'The element of felonious intent in every contested criminal case must necessarily be determined from the facts and circumstances of the particular case, -- this for the reason that criminal intent, being a state of mind, is rarely susceptible of direct or positive proof and therefore must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence.* * *
>
> "'The question of intent is a question for the jury.'"

The jury considered the evidence along with defendant's version of the incident and concluded defendant had the intent to commit an offense within the building. There was substantial evidence to support that conclusion.

The judgment of conviction is affirmed.

_____
Justice

-6-

We Concur:

_____
Chief Justice

_____
Gene B Daly

_____
Frank I. Haswell

_____
Daniel J. Shea
Justices