No. 81-230

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

IN RE THE MARRIAGE OF

MARIAN L. EVERT,

    Petitioner and Appellant,

 -vs-

EARL H. EVERT,

    Respondent and Respondent.

_____

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead, The Honorable
J. M. Salansky, Judge presiding.

Counsel of Record:

  For Appellant:

    James C. Bartlett; Hash, Jellison, O'Brien &
    Bartlett, Kalispell, Montana

  For Respondent:

    Moore & Doran, Kalispell, Montana

_____

     Submitted on Briefs: October 22, 1981

        Decided: May 13, 1982

Filed: MAY 13 1982

_Thomas J. Kearney_
      Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The wife appeals the Flathead County District Court's amended decree of dissolution because there was not substantial evidence to support its division of marital property. We vacate the judgment of the District Court because it failed to determine the net worth of the marital estate and because it was clearly unadvised of the current values of the parties' assets.

The wife, currently 58 years old, married the respondent, currently 43 years old, in 1974. The District Court found that she brought into this marriage a home with an equity of $30,000, savings of $13,000, $5,800 in cash, a 1966 Ford Galaxy worth $800, and $4,000 worth of furnishings. The District Court determined that the husband brought into the marriage a trailer and 2 1/2 acres of land with an equity of $21,000, a 1973 Dodge pickup worth $600, a farm truck worth $600, an $800 boat, 2 head of cattle, and a $2,000 interest in a retirement home. The court found that he also owed $4,000 in debts at this time. During the course of their 3 1/2 year marriage, the parties purchased a 16 acre parcel of land, and constructed a small, mobile home park on it. They also purchased assorted equipment, appliances, a car, antiques, and other personalty during the marriage.

The court awarded the wife her home and furnishings, her 1966 Ford Galaxy, her savings and checking accounts, and most of the major appliances purchased during the marriage. The court, however, did not place any current values on these items. The husband was awarded the 2 1/2 acre parcel of land with trailer, the boat, his savings and checking accounts, and the car, equipment and antiques purchased during the marriage. Again, the court did not place current

values on these items.  The husband was also awarded the 16 acre parcel of land purchased during the marriage, and was ordered to pay the wife $8,500 in exchange for her interest in that property.  The court found that the property's purchase price was $21,500 and its current value was $40,000. The balance remaining unpaid on the property when the parties separated was $14,379.  The court later amended its findings to include that the parties' net worth at separation was $101,600.

Although the wife presents several issues for our consideration, we need not discuss them because we hold that the court acted arbitrarily by failing to place current values on the parties' assets.  We can only speculate upon how the court determined that the parties' net worth at separation was $101,600, since no values were placed on the wife's home, the husband's 2 1/2 acre parcel, and the parties' personalty at the date of separation.

In the absence of a valid, <u>written</u> separation agreement, the trial court must value <u>all</u> the marital assets and determine the parties' net worth based upon those valuations. Section 40-4-201, MCA; Cook v. Cook (1980), ___ Mont. ___, 614 P.2d 511, 37 St.Rep. 1180; Miller v. Miller (1980), ___ Mont. ___, 616 P.2d 313, 37 St.Rep. 1523.

The District Court's judgment is vacated and we remand for a proper determination of the parties' net worth before the assets are divided.

_Daniel J. Shea_
Justice

We Concur:

_Frank J. Haswell_
Chief Justice

-3-

_Fred J. Weber_

_Paul B. Morrison_

_John C. Sheehy_
Justices