No. 93-424

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

WILLIAM RICHARD CARAS,

       Petitioner, Respondent,
       and Cross-Appellant,

  and

LAURI CHRISTINE CARAS,

       Respondent, Appellant,
       and Cross-Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Noel K. Larrivee, Larrivee Law Offices,
          Missoula, Montana

          Richard Ranney, Williams & Ranney,
          Missoula, Montana

      For Respondent:

          Richard A. Reep, Reep, Spoon & Gordon,
          Missoula, Montana

**FILED**

Submitted on Briefs: December 22, 1993

Decided: February 11, 1994

Filed: FEB 11 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

In *In re Marriage of Caras* (1992), 254 Mont. 169, 835 P.2d 715 *(Caras I)*, we vacated that portion of the parties' dissolution decree which incorporated a marital and property settlement agreement and remanded with instructions that the District Court make findings regarding the conscionability of the agreement. The District Court for the Fourth Judicial District in Missoula County found that the agreement was conscionable. Lauri now appeals the findings, conclusions, and order of the District Court regarding that agreement. Bill cross-appeals the District Court's order regarding attorney fees and costs. We affirm in part and reverse in part.

The parties have raised the following issues:

1. Did the District Court err when it concluded that the marital and property settlement agreement was conscionable?

2. Did the District Court abuse its discretion when it failed to grant a continuance to allow further investigation of the marital estate?

3. Did the District Court abuse its discretion when it failed to rule on motions filed during trial?

4. Did the District Court err when it ordered each party to pay his and her own attorney fees and costs?

William Richard Caras and Lauri Christine Caras signed a property and marital settlement agreement in August 1990 which was later incorporated in their petition for legal separation. The

District Court granted their separation and approved their settlement agreement on October 11, 1990.

On May 21, 1991, the District Court granted Bill's motion to convert the legal separation to a final decree of dissolution. Lauri was successful in her effort to have that decree set aside, however, she did not respond when Bill filed a motion to convert the decree of legal separation to a final decree of dissolution for a second time. On November 22, 1991, the District Court entered the final dissolution decree which incorporated the parties' marital and property settlement agreement from August 1990. Lauri appealed with new counsel of record and we remanded to the District Court.

After this Court's decision and denial of Bill's petition for rehearing *Caras I* on August 25, 1992, the parties began a course of written discovery which included the exchange of interrogatories and Bill's deposition. On January 25, 1993, the District Court, at Bill's request, set the matter for a nonjury hearing on its March calendar. Three days before trial, Lauri moved the District Court to continue the trial based on a delay in transcribing Bill's deposition and the need for further information from Bill regarding his real estate holdings. The District Court denied Lauri's motion and the trial was held on March 11 and 25, 1993.

At trial, the attorney who had represented Lauri in the preparation of the marital and property settlement agreement was called by Bill to testify regarding his role as Lauri's attorney at

3

the beginning of the dissolution. The only other witnesses who were called to testify were Lauri and Bill.

During the court's recess, Lauri moved the District Court to compel Bill to provide more complete information regarding certain investment property. In response to this motion, Bill filed a motion to protect him from further discovery pursuant to Rule 26(c), M.R.Civ.P. The District Court did not rule on these motions and the trial proceeded to its conclusion.

The District Court issued its findings of fact, conclusions of law, and order on May 19, 1993, in which it held that the marital and property settlement agreement executed on August 17, 1990, was not unconscionable and should be adopted by the court and incorporated in the final decree of dissolution.

## ISSUE 1

Did the District Court err when it concluded that the marital and property settlement agreement was conscionable?

When it determines the conscionability of a marital and property settlement agreement, a district court

> engage[s] in discretionary action which cannot be accurately categorized as either a finding of fact or a conclusion of law. These discretionary judgments made by the trial court are presumed to be correct and will not be disturbed by this Court absent an abuse of discretion by the lower court.

*In re Marriage of Hamilton* (1992), 254 Mont. 31, 36, 835 P.2d 702, 704-05 (quoting *In re Marriage of Danelson* (1992), 253 Mont. 310, 317, 833 P.2d 215, 220).

4

Bill contends that where the parties have agreed to a property distribution pursuant to a separation agreement, the controlling statute is § 40-4-201(2), MCA, and not, as Lauri suggests, the "equitable apportionment" statute at § 40-4-202, MCA. Section 40-4-201(2), MCA, provides that:

> In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the support, custody, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties . . . that the separation agreement is unconscionable. [Emphasis added].

Lauri asserts that she is not advocating a strict application of § 40-4-202, MCA; she advocates its application only to the extent that its various factors would aid the court in making a determination of conscionability. In particular, she argues that without determining the net value of the marital estate, it was impossible for the District Court to make a finding of conscionability. She argues that the District Court failed to find a specific value for the marital estate and merely "outlined" the testimony of three witnesses who gave three different valuations.

In *Caras I*, Lauri successfully persuaded this Court that her misunderstanding of the final nature of the separation agreement, her hope of reconciliation of the marriage, and the length of time between the execution of the agreement and its incorporation in a decree of dissolution suggested that the agreement may have been unconscionable. *Caras I*, 835 P.2d at 716-17. However, the language in that opinion should not be construed to mean that a district

5

court commits reversible error by failing to make findings pursuant to § 40-4-202, MCA, when it has before it a separation agreement which distributes marital property. To the extent that language in that decision suggests a contrary conclusion, it is overruled. The factors set forth in § 40-4-202, MCA, must be considered by the district court when dividing the marital estate <u>absent</u> a marital and property settlement agreement between the parties. *See In re Marriage of Sirucek* (1985), 219 Mont. 334, 341-42, 712 P.2d 769, 773.

Where the parties have reached a separation agreement, a determination of net worth of the marital estate is not required. *In re Marriage of Miller* (1980), 189 Mont. 356, 616 P.2d 313; *see also, In re Marriage of Evert* (1982), 198 Mont. 191, 645 P.2d 417. In *Miller*, we stated that:

> [T]he net worth of the parties is a necessary consideration; however, if there is a signed and executed separation agreement, we must conclude that the parties themselves have already made a determination of their net worth as a basis for their decision.

*Miller*, 616 P.2d at 318. "[W]e will not substitute our conclusions for those of the District Court in the absence of clear and reversible error." *Miller* 616 P.2d at 318.

At trial, the District Court received various estimates of the net value of the Caras estate. Lauri's first attorney valued the marital estate at $530,000. Bill offered an exhibit valuing the estate as of August 1990 at $290,508. Lauri's estimate of the estate as of August 1990 was $939,502. A financial statement signed by Bill in October 1991, which was introduced by both

6

parties, indicated that Bill's net worth was $1,075,200. Bill introduced testimony that this amount had been overstated.

Apparently, there were no professional appraisals conducted on any component of the marital estate. Presented with these various opinions, the District Court concluded that the parties' agreement,

> when taken in its entirety, including the distribution of property, the payment of maintenance in lieu of property, the waiver of obligations for child support and medical care, the associated provisions for support of both [Lauri] and the parties' children, and after considering the economic circumstances of the parties at the time of execution of the parties' marital and property settlement agreement, as well as their current circumstances, is not unconscionable and should be adopted by this court.

After a review of the record, we conclude that the District Court's findings in support of its decision are supported by substantial evidence, are not clearly erroneous, and that the District Court did not abuse its discretion when it held that the parties' marital and property settlement agreement was conscionable.

## ISSUE 2

Did the District Court abuse its discretion when it failed to grant a continuance to allow further investigation of the marital estate?

We will review a district court's decision to grant or deny a motion for a continuance for abuse of discretion.

> [A]ny motion for a continuance of trial is within the sound discretion of the District Court . . . [and we] will not overrule a District Court's decision to deny a motion for a continuance of trial unless there is "an affirmative showing that the complaining party has suffered prejudice."

7

*Tri-County Plumbing & Heating, Inc. v. Levee Restorations* (1986), 221 Mont. 403, 408, 720 P.2d 247, 250.

Lauri further argues that Bill's failure to disclose the existence and value of property he held in JKW Investments, a partnership with his brother and sister, contributed to the court's failure to accurately determine the value of the marital estate. At trial, Lauri's counsel requested a continuance to allow time to transcribe Bill's deposition taken February 22, 1993, and to allow Lauri additional time to investigate JKW property. However, the District Court denied the continuance and noted that Bill's deposition had not been scheduled until the trial had been placed on the calendar, that more than eight months had passed since remand, and that if the case were continued, it could not be rescheduled for another six months.

Bill asserts that in his answers to Lauri's interrogatories dated October 23, 1992, he identified JKW Investments as a partnership. Lauri's former attorney testified that the parties had indicated that there was full and accurate disclosure of all the marital assets at the time the settlement agreement was signed. Additionally, we note Lauri's testimony that during the marriage she had knowledge of the partnership's existence.

In support of her argument that the District Court abused its discretion when it denied a continuance, Lauri cites our prior decision in *In re Marriage of Hill* (1982), 197 Mont. 451, 643 P.2d 582, where this Court allowed the wife to pursue examination of a

disputed piece of property since it had reversed and remanded the case for further proceedings to reconsider the marital estate assets. However, reference to *Hill* merely underscores the "second chance" this Court gave Lauri in *Caras I*.

Section 25-4-501, MCA, states that "[a] motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it." Lauri did not file any affidavit or brief when she requested the continuance. Nor has Lauri asserted how she was prejudiced by the failure of the court to continue the trial.

It is not an abuse of discretion for a district court to deny postponing a trial where no affidavit has been filed as required by § 25-4-501, MCA. *In re T.M.M.* (1988), 234 Mont. 283, 289, 762 P.2d 866, 869-70; *State v. Pascgo* (1977), 173 Mont. 121, 566 P.2d 802. We conclude that Lauri had ample opportunity to formally pursue discovery or to undertake her own independent investigation of the extent of and value of property held by Bill and JKW Investments and that the District Court did not abuse its discretion when it denied her motion to postpone the trial.

## ISSUE 3

Did the District Court abuse its discretion when it failed to rule on motions filed during trial?

Our standard of review from orders granting or denying discovery and imposing sanctions for failure to comply with

9

discovery rules is abuse of discretion. "The District Court has inherent discretionary power to control discovery and that power is based upon the District Court's authority to control trial administration." *State ex rel. Guarantee Insurance Co. v. District Court of the Eighth Judicial Dist.* (1981), 194 Mont. 64, 67, 68, 634 P.2d 648, 650. *See also, Marriage of Jacobson* (1987), 228 Mont. 458, 743 P.2d 1025; *Massaro v. Dunham* (1979), 184 Mont. 400, 603 P.2d 249.

After the trial commenced, Lauri's counsel filed a motion to compel Bill to list all JKW Investment properties, their value, and indebtedness; a motion for the District Court to reconsider sanctions; and a motion for determination of attorney fees. Bill's counsel filed a motion for a protective order in response to Lauri's motion to compel. The District Court did not rule on any of these motions. Therefore, they are deemed denied.

In this case, Lauri had eight months from the date of remand to the date of trial. Yet, her discovery-related motions were not filed until after trial began. She explains that because discovery was completed so close to trial that her motions were timely. However, parties have an obligation to complete discovery far enough in advance of trial that discovery issues can be resolved by the district court before trial begins. Where they have not done so, and absent aggravating circumstances (which are not shown in this case) we will not find an abuse of discretion from the district court's failure to consider discovery related motions after trial has begun.

10

The District Court's denial of Lauri's motions is affirmed.

## ISSUE 4

Did the District Court err when it ordered each party to pay his and her own attorney fees and costs?

Bill argues that the language of the marital and property settlement agreement forecloses the District Court's exercise of discretion on this issue and that, as the prevailing party, he is entitled to reasonable attorney fees and costs. The agreement provided that, "[s]hould any action be commenced to enforce, modify or interpret any provision contained herein, the court, as a cost of suit, shall award a reasonable attorney's fee to the successful party." The District Court found that "[e]ach party should bear their [sic] own costs and attorney's fees in this matter as the waters were so muddy that further court action was necessary to examine the conscionability of the agreement."

Generally, it is within the district court's discretion to award attorney fees. Such awards are subject to an abuse of discretion standard of review. *In re Marriage of Burris* (1993), 258 Mont. 265, 272, 852 P.2d 616, 620. Here, however, the language of the marital and property settlement agreement is clear, and the District Court, having found it to be conscionable, is bound by its terms. Lauri's appeal to the Supreme Court was an "action to enforce, modify, or interpret" the agreement. We, therefore, reverse the District Court's conclusion that each party should bear his and her own costs and remand for a determination of reasonable attorney fees to be awarded Bill.

11

The judgment of the District Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

12

February 11, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Noel K. Larrivee
LARRIVEE LAW OFFICES
334 East Broadway
Missoula, MT 59802

Richard Ranney
WILLIAMS & RANNEY, P.C.
P. O. Box 9440
Missoula, MT 59807


Richard A. Reep
REEP, SPOON & GORDON, P.C.
P.O. Box 9019
Missoula, MT 59807-9019


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy