No. 96-484

# IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE MARRIAGE OF

LARRY R. MEYER,

       Petitioner and Appellant,

and

MARY E. HOOVER-MEYER,

       Respondent and Respondent.

FILED

APR 8 - 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry Meyer, Pro Se,
        Edmonds, Washington

    For Respondent:

        Dennis E. Lind; Datsopoulos, MacDonald & Lind;
        Missoula, Montana

Submitted on Briefs: February 17. 1997

Decided: April 8, 1997

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The appellant, Larry Meyer, filed motions, pursuant to § 40-4-219, MCA, and Rule 60(b), M.R.Civ.P., to modify custody and to set aside judgment in the District Court for the Fourth Judicial District in Missoula County. The District Court denied the motions and, pursuant to the parties' marital and property settlement agreement, awarded attorney fees and costs to the respondent, Mary Hoover-Meyer. Larry appeals that part of the District Court's order which awards attorney fees and costs to Mary. We affirm the District Court.

The issue on appeal is whether the District Court erred when it awarded attorney fees and costs to Mary.

## FACTUAL BACKGROUND

After twenty-five years of marriage, the parties separated and reached a marital and property settlement agreement ("the Agreement"). On April 11, 1995, the District Court entered a decree of dissolution, which incorporated the Agreement.

The Agreement established the following parenting plan for Lisa, the parties' only child: "Mary has no plans to move from Missoula. Unless circumstances change, this living arrangement will continue in effect."

2

After the District Court entered the dissolution decree, Larry became aware of Mary's intention to remarry and move from Missoula to Great Falls.

In response, Larry filed motions pursuant to § 40-4-219, MCA, and Rule 60(b), M.R.Civ.P., to modify custody and to set aside judgment. The motions alleged that: (1) Mary's relocation to Great Falls constitutes a change in circumstances which warrants a modification of the parties' existing custody arrangement; and (2) the dissolution decree was obtained by fraud, and therefore, is invalid.

After a hearing, the District Court denied both motions. The District Court also awarded attorney fees and costs to Mary. Larry appeals that part of the District Court's order which awards attorney fees and costs to Mary.

## DISCUSSION

Did the District Court err when it awarded attorney fees and costs to Mary?

When the language of a marital and property settlement agreement is clear, a district court is bound by its terms. *Marriage of Caras* (1994), 263 Mont. 377, 385, 868 P.2d 615, 620. We must decide, therefore, whether the District Court erred when it concluded that the attorney fees provision of the Agreement applies to Larry's motions. When we review a district court's conclusions of law, the standard of review is whether those conclusions are correct. *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

Larry asserts that his motion to set aside judgment, made pursuant to Rule 60(b), M.R.Civ.P., was based on allegations of fraud and therefore, that Mary is not entitled to the

3

attorney fees and costs attributable to her defense of that motion.  In support of his claim, he cites *Wise v. Nirider* (1993), 261 Mont. 310, 862 P.2d 1128.

In *Wise*, the wife moved the District Court, pursuant to Rule 60(b), M.R.Civ.P., to set aside the property settlement agreement and reopen the dissolution proceedings.  She alleged that the agreement had been obtained by fraud and therefore, was invalid.  The District Court granted her motion.  On appeal, we reversed the District Court and held that "the allegations of fraud . . . fall short of what is legally required to vacate a final judgment pursuant to . . . Rule 60(b)."  *Wise*, 261 Mont. at 317, 862 P.2d at 1133.

The husband claimed that, as the prevailing party on appeal,  he was entitled to an award of attorney fees.  He based his claim on the following provision in the parties' property settlement agreement:

> In the event that either party brings legal action <u>to interpret or enforce</u> any of the terms or provisions of this Agreement, the prevailing party in said legal action is entitled to recover . . . attorney fees . . . .

(Emphasis added.)

We concluded that Wise's motion to set aside the property settlement agreement was not an action to "interpret or enforce" the terms of the agreement.  Accordingly, we rejected Nirider's argument and held that the attorney fees provision did not apply.  *Wise*, 261 Mont. at 318, 862 P.2d at 1133.

The attorney fees provision in this case, however, states, in relevant part, as follows:.

> In the event that either party thereafter shall find it necessary to retain an attorney and/or institute legal proceedings <u>to enforce, modify, or interpret</u> any

4

provision of this Agreement . . . the Court shall award reasonable attorney's fees and costs to the prevailing party . . . .

(Emphasis added.) Based on the inclusion of the additional term "modify," we conclude that the attorney fees provision in this case is significantly broader than the one in *Wise* and therefore, that our holding in *Wise* does not control the outcome of this case.

After a review of the record, we conclude that when Larry moved the District Court pursuant to § 40-4-219, MCA, and Rule 60(b), M.R.Civ.P., he sought a modification of the parties' existing custody arrangement. Our conclusion is buttressed by Larry's affidavit in support of his motions, which states as follows:

> I am requesting that the [dissolution] decree be modified because of fraud by Respondent (hereinafter "Mary"), and that pending a hearing on these issues the primary physical custody of the parties' minor child, Lisa, be changed from Mary to me.

(Emphasis added.)

We therefore conclude that the attorney fees provision in the Agreement does apply to Larry's motions. Accordingly, we hold that the District Court did not err when it awarded attorney fees and costs to Mary. We further hold that, pursuant to the Agreement, Mary is also entitled to her attorney fees and costs on appeal.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6