No. 98-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 112N

IN THE MATTER OF THE CUSTODY AND

THE PARENTAL RIGHTS OF M.R.W.,

A Youth in Need of Care.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis & Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeremy Gersovitz, Assistant Public Defender, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Mark W. Mattioli, Assistant

Attorney General, Helena, Montana

Mike McGrath, Lewis & Clark County Attorney; Carolyn A. Clemens,

Deputy Lewis & Clark County Attorney, Helena, Montana

Attorney for Youth:

Randi M. Hood, Chief Public Defender, Helena, Montana

Submitted on Briefs: April 1, 1999

Decided: May 25, 1999

Filed:

No

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Michael Donovan Wilson (Michael) and Raylene Jarvis (Raylene), the father and mother of M.R.W., appeal from the order of the First Judicial District Court, Lewis and Clark County, terminating their parental rights. We affirm the decision of the District Court.**

**¶3. Michael and Raylene contend that the treatment plan was "incredibly short" and that the Department of Public Health and Human Services, Division of Child and Family Services (the Department) did not prove by clear and convincing evidence that their parental rights should be terminated.**

**¶4. The standard of review for a termination of parental rights case is set forth in In the Matter of D.H. and F.H. (1994), 264 Mont. 521, 872 P.2d 803:**

"This Court will affirm the findings of a trial court sitting without a jury unless the findings are clearly erroneous. Rule 52(a), M.R.Civ.P. . . . "

. . . .

No

"We adopt the following three-part test to determine if a finding is clearly erroneous. First, the Court will review the record to see if the findings are supported by substantial evidence. Second, if the findings are supported by substantial evidence we will determine if the trial court has misapprehended the effect of evidence. Third, if substantial evidence exists and the effect of the evidence has not been misapprehended the Court may still find that '[a] finding is "clearly erroneous" when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed.' " This is the appropriate standard to be applied to purely factual findings in a proceeding to terminate parental rights. The second reason the previously articulated standard of review for termination of parental rights is inadequate is that, as a general rule, we review conclusions of law to determine whether they are correct. This is also the appropriate basis for reviewing most conclusions of law in a termination proceeding.

However, we find that the conclusion that a child is abused and neglected involves a decision that is neither purely factual nor purely legal, and is analogous to a district court's determination of conscionability when reviewing marital and property settlement agreements.

"When it determines the conscionability of a marital and property settlement agreement, a district court 'engage[s] in discretionary action which cannot be accurately characterized as a finding of fact or a conclusion of law.' "

*Matter of D.H. and F.H.*, 264 Mont. at 524-25, 872 P.2d at 805-06 (citations omitted).

**¶5. Section 41-3-609(1)(e), MCA, requires that the District Court find that the child is a "youth in need of care" and that both of the following facts exist:**

(i)  an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and

(ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time; or

(f) the parent has substantially failed to successfully complete or meet the goals of a treatment plan approved by the court and the child has been in an out-of-home placement for a cumulative total period of 1 year or longer.

(2) In determining whether the conduct or condition of the parents is unlikely to change within a reasonable time, the court shall enter a finding that continuation of the parent-child legal relationship will likely result in continued abuse or neglect or that the conduct or the condition of the parents renders the parents unfit, unable, or unwilling to give the child adequate parental care. . . .

Section 41-3-609, MCA.

**¶6. By stipulation and order of the District Court, the youth was declared a "youth in need of care" and the Department was ordered to develop a treatment plan directed at reuniting the youth with his parents. Treatment plans were signed by the parents, approved by the court, and filed on November 12, 1997 and December 11, 1997. On February 12, 1998, the Department filed a petition for termination of the parental rights of Raylene and Michael. Raylene did not appear at the hearing to terminate her parental rights despite being served with notice.**

**¶7. Raylene had lost parental rights to four other children and the District Court found that she had "no understanding as to why she had lost her other children." Michael had lost parental rights to one other child. Neither parent had completed a treatment plan with regard to any of the other children. An in-home evaluator was hired by the Department to perform a "parenting assessment." The child was brought to the parents' home for extended visits while the assessment was taking place. Raylene and Michael did not have their own home during October and November; part of the time they resided with a convicted sex offender, and part of the time they lived in a motel. Raylene missed two of the scheduled visits and Michael missed more than half of the visits. Although Raylene attempted to clean house prior to visits, the living arrangements were very unsanitary.**

**¶8. The District Court found that the parents did not meet the treatment plan**

requirement for a "stable and consistent lifestyle." Both Raylene and Michael are presently on supervision with the Adult Probation Officer--Raylene for elder abuse and Michael for theft. Although the plan required that they be law abiding, Michael was in the Cascade County Jail at the time of the termination hearing for failure to pay fines, and there was testimony that both parents were in violation of their probation for having beer in their apartment. In addition, Michael had been in jail in October and Raylene had been in jail in December. Furthermore, neither parent completed chemical dependency treatment or mental health counseling as required by the plan.

¶9. The District Court found that the approved treatment plan was not successful as the parents had done nothing to complete the plan following the assessment. The court further found that the conditions making the parents unfit were unlikely to change within a reasonable time

in that they have both had previous treatment plans which they have not completed, and they have also not completed the Court-approved plan in this case. Both parents have lost children previously and have had considerable involvement with the Department, which has not resulted in any improvement in their ability to parent.

¶10. The parties stipulated that M.R.W. was a youth in need of care. We hold that the District Court's findings that the court-approved treatment plan was not successful and that the conditions making the parents unfit were unlikely to change within a reasonable time are supported by substantial evidence and, thus, are not clearly erroneous. The judgment of the District Court is therefore affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

No

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER